MEREDITH and Others *v.* LACKEY.

May Term,
1860.

MEREDITH
v.
LACKEY.
, 14  529
|137  329
|139  191

A junior mortgagee, though not a necessary, is a proper party to a proceeding by a senior to foreclose.

Where the plaintiff in vacation, after a continuance of the cause, filed an additional averment to his complaint, bringing in a new defendant, who answered setting·up a new demand against the original defendant, it was held that the latter might have a continuance till the next day, or for a reasonable time, to enable him to answer; that the pleading was in the nature of a complaint; and that he did not waive error in refusing such continuance, by complying with an order to answer immediately.

The original defendant, in such case, answered, filing interrogatories without affidavit. The new defendant replied in denial, without answering the interrogatories. A rule was taken for such answers; but the record did not show the time within which they were to be filed. A bill of exceptions showed that the new defendant was absent at the time his reply was filed; but no motion was made for an attachment to compel such answers. *Held,* that the original defendant could not have a continuance to obtain such answers, without affidavit

If a bill of exceptions state that a party was absent at the time his pleading was filed, he will be held to have been absent although his pleading have his name to it as if he had filed it in person.

The failure to grant a request not heard by the Court, is not error.

*It seems,* that the amount of the judgment may be varied from the amount of the verdict, because of any admission in the pleadings, on motion.

If the reply set up, even argumentatively, facts inconsistent with the allegations in the answer, it is sufficient.

APPEAL from the *Wayne* Circuit Court.

Wednesday,
June 13.

HANNA, J.—*John A. Lackey* averred, in substance, that *Meredith* executed his note for 1,500 to *Catharine Lackey, John A. Lackey, Robert S. Lackey,* and *Richard M. Lackey,* and that his wife joined with him in a mortgage on certain real estate to secure the payment thereof; that the note was assigned to plaintiff, who asked judgment for the amount and the foreclosure, &c.

The defendants answered, that the note was given for a part of the purchase-money of the lands described in the mortgage; and that the said lands were a part of the estate of one *Ira Lackey,* of whom the said payees were the widow and heirs; that one *Richey* was the executor of said estate and claimed the proceeds of said note, and . had forbid the payment to said heirs; that defendants had paid a

part, &c., to said executor, which was to have been credited on said note; that he held a claim, &c., against said estate, which he asked might be set off, and that *Richey* might be made a defendant, &c.

*Richey* filed a petition, sworn to, stating such facts as induced the Court to order that he be made a party; but as no judgment was taken against him, and as he does not join in the appeal, we shall not further notice the questions raised by such petition, &c.

Reply, that after the death of *Ira Lackey*, certain parties, naming them, had, in a proceeding in said Court against this executor, widow, and heirs, obtained a decree directing a sale of said lands, and the application of the proceeds to the payment of certain sums due to said parties, and the return of the overplus, if any, to the defendants; that the sale was to be as upon execution at law, &c., and that said lands were sold by virtue of said decree, and *Meredith* became the purchaser for the sum of 4,333 dollars, being two-thirds of the appraisement thereof, and received possession under said purchase, to all which the executor and widow assented.

Upon the filing of these pleadings, the case was continued; and during vacation the plaintiff filed an additional averment to his complaint, namely, that since the purchase of *Meredith*, to-wit, &c., he had created a junior incumbrance by way of a mortgage to one *Peelle*, who was made a defendant.

Upon the calling of the case for trial, on the fourteenth day of the next term of the Court, *Peelle* appeared and filed his pleading, together with a note and mortgage, claiming that there was due him some 1,300 dollars from said *Meredith.*

No rule was taken against *Meredith* for answer, but he moved that the case be continued until the next day to enable him to answer. This the Court refused, and required him to answer immediately. He then answered, setting up usury, and filed interrogatories to *Peelle* directed to that point. *Peelle* immediately replied in denial, but did not answer the interrogatories. A rule was taken against

*Peelle* to file such answer, but without the same having been answered, and, over the objection of the defendants, the Court proceeded to trial, &c. No affidavit accompanied the interrogatories. The bill of exceptions states *Peelle* was absent, although the reply has to it the name of said *Peelle* as if he had filed it in person. No motion was made for an attachment to compel an answer from *Peelle*. *Lackey* did not reply, nor in any manner respond to the pleading of *Peelle*. A trial was thereupon had, and a verdict returned in favor of *Lackey*, and, also, in favor of *Peelle*. Motion for a new trial overruled, and judgment on the verdict.

On these facts questions of practice are presented by the parties.

First. Was it error to compel the answer (at the time) of *Meredith* to the pleading of *Peelle?*

The junior mortgagee was not a necessary, though a proper party to the proceeding. *Mack* v. *Grover*, 12 Ind. R. 254.—*Pattison* v. *Shaw*, 6 *id.* 377.—Story's Eq. Pl. § 193 and note.—Calvert on Parties in Eq., p. 128; but the plaintiff made him a party, and whether, without the consent of the plaintiff, the pleading of *Peelle* could have been filed at the time it was, if thereby the progress of the suit of said plaintiff might have been delayed, we need not decide, for no objection by *Lackey* is shown. Indeed, the attorneys for *Lackey* appear, also, to have acted for *Peelle*. But if he had failed to answer, no judgment could have been rendered in his favor. *Kenton* v. *Spencer*, 6 Ind. R. 321. His rights, if he had any, as against the plaintiff (*Howe* v. *Woodruff*, 12 Ind. R. 214), might have been concluded. 6 *id.* 324. It was, therefore, the act of the plaintiff that brought *Peelle* into court, and caused the filing of the pleading at the time it was filed, and if *Meredith* was thereby entitled to further time, no question of hardship upon the plaintiff, could have been permitted to weigh.

It is insisted that this is not such a pleading as, under the circumstances, required an affidavit from *Meredith*, under 2 R. S. p. 48, § 97, to entitle him to a continuance, but that he was entitled thereto as a matter of right, because

the pleading, as against him, operated and should be regarded as an original complaint; and that if, in this, the defendant is mistaken, then he was entitled to a delay of one day, or a reasonable time to answer (*id.* p. 42, § 68); and that, in this instance, such time was not allowed.

As to this whole proposition, we are of opinion that the pleading filed by *Peelle*, claiming as it did a judgment, &c., against *Meredith*, was, for that purpose, a new and substantive pleading to enforce a separate and distinct demand (12 Ind. R. 254), not embraced in the original complaint, nor such as, under that complaint alone, would have authorized *Peelle* to take a judgment thereon against the appellant, and, therefore, he should not have been compelled to respond to the same immediately. Whether the case should have been continued until the next term, is a question not raised by the record, although presented in argument, and we intimate no opinion thereon; but that the appellant was entitled to such reasonable time as was necessary to enable him to answer that branch of the case, we have no doubt. We are further of opinion, as the pleading of *Peelle* did not make nor tender any issue on the complaint of *Lackey*, nor pray any relief as against him, that so far as the pleadings show, no right thereby accrued to the appellant to delay a recovery of a judgment, &c., on the claim of said *Lackey*. But if a judgment had been taken on such claim, and the cause continued, in consequence of such pleading, as to the junior mortgage, a question might, perhaps, have been made as to the application of the overplus, if any, arising from the sale of the lands. But as to that, it seems to us an order could have been made to operate upon the officer, so as to compel an application in the contingency of a recovery, without prejudicing the rights or interests of either party. It will, perhaps, be said that a sale, before a final adjudication upon all the incumbrances sought to be enforced, would tend to prevent competition at such sale. The junior mortgagee did not ask to redeem the senior mortgage, and be subrogated to the rights of the holder thereof; nor in any other manner indicate that he desired delay, for the

purpose of obtaining relief or security against the plaintiff.
Whether he could have made a case, in that respect, which
would have prevented a final judgment in favor of *Lackey*,
before his claim was also passed upon, we need not deter-
mine.  He did not attempt to make such a case.  A de-
fault could not have been legally entered against the ap-
pellant if he had failed to obey the order of the Court to
answer immediately the pleading on the junior mortgage;
but as he filed an answer, the question is, whether by that
act he waived the error of the Court in making the order.
We are of opinion that he did not.  He had by exception
reserved the question; and cases might perhaps arise in
which great present inconvenience, and ultimate injury,
might result from standing by and permitting a judgment,
under the circumstances, for want of an answer.

The next point made, is upon the refusal of the Court
to continue the cause for an answer to the interrogatories.
The record does not show within what time the answer
was to be filed, under the rule therein granted.  The stat-
ute (Acts of 1855, p. 59,) requires the Court to fix the time
within which the answer is to be filed.  If the party should
fail to file it within the time, the opposite party could, by
taking proper steps, delay the cause, and compel an answer.
*Cleaveland* v. *Hughes*, 12 Ind. R. 512.

The statement in the bill of exceptions that the defend-
ant was absent, must control, the presumption being in
favor of the action of the Court, and that the absence was
such as authorized that action, and made known to the
Court in the proper manner.  *Boswell* v. *Travis*, 12 Ind.
R. 524.  And, therefore, the statutory affidavit should have
been filed.

A bill of exceptions states that on the motion for a new
trial, it was shown to the Court that before the jury was
sworn, defendant's counsel asked time to prepare the affi-
davit; but that the judge did not hear the request.  The
failure to grant a request not heard, could not, under ordi-
nary circumstances, be error.  The party should, at the
time, have excepted, and caused the exception to be noted.
This would certainly have brought the matter to the notice

of the Court. Whether, when the matter was brought to the attention of the Court upon a motion for a new trial, a new trial should have been granted for that cause, was a matter much within the discretion of the Court. We cannot say there was an abuse of that discretion.

The remaining point is, that the verdict was contrary to the evidence, &c. The evidence is not in the record. But it is insisted that the portion of the answer setting up a set-off is not contradicted by the reply, and is, therefore, admitted, and should have been so considered by the jury. We have not the evidence upon which the verdict was found. We have only the pleadings. If the Court should have varied the amount of the judgment from the verdict, because of any admission in the pleadings, perhaps the proper mode to have reached that question would have been by a motion in the Court below. 2 R. S. p. 121, § 372. No such motion was made. But is there an admission by the pleadings? The answer set up that the note was given for lands purchased of the heirs, &c., of *Ira Lackey*, and that the executor claimed the proceeds had been partly paid, and a claim held against the deceased for another part. The reply does not directly deny this, and it is claimed that therefore, under § 74, 2 R. S. p. 44, the appellant was entitled to the benefit of the set-off at least. Although the reply does not directly deny the answer, yet it sets up a state of facts inconsistent with those alleged in such answer. It avers the land was purchased by the appellant, under a decree of the Court for the sale thereof, in favor of judgment-creditors of the deceased; that he had paid that purchase-money, and taken possession, &c., with the consent of the executor. This controverts, perhaps argumentatively, the allegations in the answer as to the consideration of the note. Pleading in that form has been held sufficient for some purposes. *Riddle* v. *Parke*, 12 Ind. R. 90.— *Cooke* v. *Williamson*, 11 *id*. 242.— *Id.*, 293. The averment of payment to the executor, of a part, by the appellant, and that he held a claim against the deceased, &c., may not, perhaps, be controverted by the reply; but such a state of facts is set up as

shows that even if such payment was made and claim <span style="float:right">May Term,</span> held, they were not a proper set-off. It appears to us that <span style="float:right">1860.</span> if the issue thus made was found for the plaintiff, the <span style="float:right">DIPPLE</span> allegation as to the set-off was then properly disregarded <span style="float:right">v.<br>DOUGLAS.</span> by the jury.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs as to that part of the judgment in favor of *Lackey;* and reversed with costs as to the judgment in favor of *Peelle.*

O. P. *Morton* and J. F. *Kibbey,* for the appellants.

J. S. *Newman* and J. P. *Siddall,* for the appellee.