MARSTON HEFNER

v.

DAVID VANDOLAH.

1. PROMISSORY NOTE—*ratification of forged signatures.* One whose name has been attached to a note as surety, without authority becomes liable, if, upon inspection, he admit the signature to be his. After such admission he is estopped from denying the making of the note.

2. PREVIOUS AGENCY—*not necessary.* Nor is it necessary, to establish a ratification, that there had been any previous agency created. An act wholly unauthorized may be made valid by a subsequent ratification.

3. ADMISSION—*when not conclusive.* A person who has signed several notes of like character, and, who under a mistake admits the signature of one, especially if not shown him, is not estopped from his plea denying his signature.

4. USURY—*will vitiate judgment.* A judgment founded upon a note which upon its face reserves an usurious rate of interest should be for the principal alone.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. WELDON & BENJAMIN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellant, upon a promissory note purporting to have been made by appellant and one Coman.

Appellant by plea, verified by affidavit, denied the making of the note, and it is not claimed that he did make it, but it is insisted that by certain declarations made by him, he is estopped from denying the making of the note.

The note sued on is as follows:

$700.                     Sept. 25, 1869.

Six months after date, we promise to pay to the order of

David Vandolah, seven hundred dollars, at twelve per cent interest, for value received.

W. COMAN.

MARSTON HEFNER.

The cause was tried by the court, without the intervention of a jury, the issue found for the plaintiff and his damages assessed at the sum of seven hundred and ninety dollars and seventy-three cents, for which, after overruling a motion for a new trial, judgment was rendered against the defendant, from which he prosecutes this appeal.

The only questions raised are, as to the sufficiency of the admissions and declarations of Hefner to render him liable upon the note, and as to the correctness of a judgment for the principal and interest of the note bearing, as it does, upon its face, the usurious rate of interest of twelve per cent.

The argument of appellant's counsel proceeds entirely upon the ground, that the acts and admissions of Hefner, in order to charge him with liability upon this note which he never executed, must be of such a character as to constitute an estoppel *in pais,* having the element of actual damage from delay occasioned by the acts of Hefner misleading Vandolah; and that the evidence comes short of making such a case. Without considering whether there may not be enough to support the judgment on that ground, we apprehend nothing more is necessary to be shown here, than that Hefner adopted and ratified his forged signature upon the note, to render him liable thereon.

It was in evidence, that soon after the time the note bears date, Vandolah showed it to Hefner, intimating a doubt as to its genuineness, and expressing a wish to know in regard to it; that Hefner examined the note expressing nothing definite, but intimating that the signature might be his, and saying he would let Vandolah know in a few days; after the lapse of a few days, Hefner told Vandolah that he had signed the note. There was abundant evidence to justify the court in finding

that Hefner unequivocally and understandingly adopted and ratified the use of his name on this note.

If there had been an original assent on the part of the defendant to the placing of the signature of his name upon the note by Coman, the principal promisor, there can be no question that he would have been bound by it.

The subsequent assent of Hefner to, and ratification of the unauthorized use of his name on the note by Coman, must, as we conceive, have the same effect to charge the former, as if he had originally authorized the signature of his name to the note by Coman. Such subsequent assent and ratification would be equivalent to an original authority, and confirm what was originally an unauthorized and illegal act. Story on Agency, Sections 239, 253.

We conceive that the same rule should apply here as in the case of the adoption or ratification of an ordinary act of assumed agency; that the form of signature not bearing any indication of the fact of its being made by another hand, does not prevent the person whose name is placed on the note from being legally holden; upon proof that the signature was previously authorized, or subsequently adopted. Nor is it necessary, to establish a ratification, that there had been any previous agency created. An act wholly unauthorized may be made valid by a subsequent ratification. *Culver* v. *Ashley*, 19 Pick. 301.

As fully sustaining the views here expressed, we refer to the following authorities: *Commercial Bank of Buffalo* v. *Warren*, 15 N. Y. 577; *Greenfield Bank* v. *Crafts et al.* 4 Allen, 447; *Casco Bank* v. *Keene*, 53 Maine 103; *Livings* v. *Wiler*, 32 Ill. 387.

This does not present the case of admissions, under a mistaken belief, that the signature was genuine. In this respect, a marked difference exists between the present case and that of *Hefner* v. *James Vandolah*, 57 Ill. 520. In that case Hefner had not seen the note, and as he had signed several notes as surety for Coman, he might well have supposed that the note which Vandolah mentioned to him as having, not

stating its amount, was one which he had signed; and all his supposed acts of adoption and ratification might well have proceeded upon that false assumption. In the present case, the acts and admissions of the defendant were, after a careful actual examination of the note, and time taken for consideration, with full knowledge that the signature was not in his handwriting.

As the note upon its face bore a greater rate of interest than ten per cent, the whole of the interest was forfeited under the statute, and only the principal sum due was recoverable.

For error in this respect, in rendering judgment for interest upon the note, the judgment must be reversed and the cause remanded.

*Judgment reversed.*