## MARSTON HEFNER

v.

## SAMUEL DAWSON.

| 63 | 403 |
| 164 | 329 |

PROMISSORY NOTE—*estoppel to deny signature.* In a suit upon a promissory note, one of the makers, by his plea, verified by affidavit, denied the execution of the note by him. The proof showed that, by his admissions and declarations, the note was "all right," and that if the plaintiff would "hold still" he would pay him, he knowingly and designedly induced the plaintiff to omit taking measures to collect the same of the other maker when he was solvent, until after he left the country: *Held*, that, by these acts and assurances he was estopped from denying the fact of his execution of the note

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. WELDON & BENJAMIN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellant, upon a promissory note purporting to have been made by appellant and one Coman.

Appellant, by plea verified by affidavit, denied the execution of the note; the cause was tried by the court without the intervention of a jury, and judgment rendered against the defendant, from which he prosecutes this appeal. It is not claimed that appellant did make the note, but it is contended that. by his acts and admissions, he is concluded from denying that fact.

This case, in its main features, is much like the one of *Hefner* v. *Vandolah*, 62 Ill. 483, except that there is more in the conduct of the defendant, and the circumstances in the present case as testified to, which partakes of the character of an estoppel *in pais*, than there was in the former one, and there is a conflict of testimony here which did not there exist.

There was evidence in the present case which went to show, and would sustain the finding of the court to that effect, that the defendant not only adopted and ratified the signature of his name upon the note, but that, by his admissions and declarations that the note was "all right," and that if plaintiff would "hold still" he would pay him, he knowingly and designedly induced the plaintiff to omit taking any measures to collect the note of Coman, at the time when the latter had ample property in his hands, and a resort to whom for the collection of the note would, in all probability, have been successful; and that afterwards, while the plaintiff continued to be misled by the assurances of the defendant, Coman failed in business and absconded, rendering the collection of the note from him impossible.

Without repeating what was said in the former case referred to, as to such adoption and ratification by Hefner of the use of his name upon the note being sufficient to charge him with liability, although his signature was forged, we refer to the authorities therein cited in support of that position, and, in addition, to the following authorities, that, under the foregoing state of facts, the defendant would be precluded from contesting the genuineness of his signature to the note: *Hefner* v. *Vandolah,* 62 Ill. 483; *Smith* v. *Newton,* 38 Ill. 335; *Freeman* v. *Cooke,* 2 Exch. 654; *Kingsley* v. *Vernon,* 4 Sandf. (S. C.) 361.

It is true, the evidence was conflicting, and the above was only one phase of the testimony, but we perceive no sufficient reason for disturbing the finding of the court.

As to the point made, that the check of $350 paid by Hefner should have been allowed, we understand from the amount of the judgment that it must have been allowed by the court as a payment on the note.

As to any question of usury, there is no plea of usury, and the evidence fails to show any agreement for usurious interest.

The judgment of the court below must be affirmed.

*Judgment affirmed.*