## DOHERTY ET AL. *v.* BELL.

PROMISSORY NOTE.—*Fraud.*—*Waiver.*—*Ratification.*—*Parol Contract.*—In a suit upon a promissory note, against the maker, by an endorsee, where the answer of the defendant alleges facts showing that the execution of such note was procured by fraud, and without consideration, a reply thereto is sufficient which alleges, that, after the assignment and the maturity of such note, the defendant verbally agreed with such endorsee, that, in consideration that the latter would extend the time of payment thereof for a specified period, he would then pay the same, and that such extension had been given; such agreement being a waiver of such fraud and a ratification of the execution of such note.

SAME.—*Variance.*—*Held*, also, that such reply is not a variance.

SUPREME COURT.—*Practice.*—*Pleading.*—*Demurrer.*—Where the evidence is not in the record on appeal to the Supreme Court, the sustaining of a demurrer to a sufficient paragraph of a pleading is available as error.

From the Parke Circuit Court.

*P. S Kennedy* and *W. T. Brush*, for appellants.

*S. F. Maxwell* and *S. D. Puett*, for appellee.

NIBLACK, J.—The appellants, as the assignees of one

James B. Drake, sued the appellee in the court below, on a promissory note, bearing date the 20th day of June, 1872, and payable six months after date, at The First National Bank of Indianapolis, which was alleged to have been assigned before maturity.

The appellee answered in two paragraphs.

In the first paragraph the appellee charges, in substance, that, on the day on which said note bears date, one Harris, who represented himself as a general agent for the sale of "Drake's Horse Hay-Fork and Hay-Carrier," in this State, came to his, appellee's, house and induced him to agree to become the agent in his township for the sale of machines bearing that name. That said Harris represented that a given number of machines would be furnished within a reasonable time, one of which should be immediately, as a specimen of and advertisement for the rest. That, to save trouble, he, the appellee, was required to execute a note to James B. Drake, the proprietor of the machines, for the value of the machines to be furnished, to be payable out of the proceeds of said machines, when sold. That the said Harris thereupon prepared some kind of an agreement in writing, purporting to be, in some respects, in the similitude of a promissory note, for him, the appellee, to sign. That, at the time, his, appellee's, eyes were so sore and diseased that he was unable to read writing, and that he relied on said Harris to read said writing to him. That said Harris then twice pretended to read to him what he, said Harris, claimed were the contents of said agreement in writing. That, as said agreement was thus read to him by said Harris, he, the appellee, was to be only required to pay the sum of money agreed upon, to wit, three hundred and seventy-five dollars, out of the proceeds of the sales of said horse hay-fork and hay-carrier machines, and not otherwise in any event, and was not to be otherwise bound, in some material respects, as it is claimed he is, by the note sued on. That the said appellee, relying on the

representations aforesaid of the said Harris, as to the contents of said agreement, signed the same, and permitted the same to be taken away by said Harris. Wherefore the appellee says the note sued on is not his note.

This paragraph was verified by the affidavit of the appellee.

The second paragraph, in its material averments, is very similar to the first, concluding with the allegation that neither the said Drake, nor any one else, on his behalf, has ever furnished the appellee with any of said machines.

The appellants replied to both paragraphs of the answer, as follows:

1st. In general denial.

2d. "And for a second and further reply to defendant's answer, plaintiffs say, that, after said note sued on was assigned by the endorsement of said Drake, to them, the said defendant promised and agreed with plaintiffs to pay the same, if they would wait on him one year from the 6th day of December, 1872, which they did. Wherefore they demand judgment."

The appellee demurred to the second paragraph of the reply, and the court sustained the demurrer, to which the appellants excepted.

The cause being at issue was tried by a jury, and there was a verdict and judgment for the appellee.

The appellants assign for error the ruling of the court in sustaining the demurrer to the second paragraph of the reply, and in that way the sufficiency of that paragraph becomes the only question arising upon the record, in this court. No question is mabe upon the sufficiency of any of the other pleadings.

The facts presented by this paragraph of the reply, to which our attention is directed, might, perhaps, have been more fully, more specifically and more circumstantially pleaded, and thus had greater emphasis given to their assertions, but we are inclined to the opinion, that, as

alleged, they constitute a good reply to the appellee's answer.

If the appellee, with full knowledge of all the facts, as we think it fair to presume, from the allegations in the reply, it was intended to charge he had, and after the appellants became the owners of it, agreed to pay the note, provided a certain extension of time was allowed him, and in consideration thereof, such an extension was given him, we must regard him as having ratified the execution of the note, and as having waived whatever objection or defence he may have had to the manner of its execution. We do not hold that any new contract was created thereby, but that the old one was in that way recognized and ratified *Jaqua* v. *Montgomery*, 33 Ind. 36; *Hefner* v. *Vandolah*, 62 Ill. 483; *Hefner* v. *Dawson*, 63 Ill. 403. In the case of *Ray* v. *McMurtry*, 20 Ind. 307, cited by the appellee, the questions of estoppel and the validity of an alleged new contract, only, were discussed and decided.

A promise to pay a debt barred by the statute of limitations does not create a new debt, but only revives and restores the old one, and the reply of a new promise to pay an old debt, when the statute of limitations is set up as a defence, is not a departure from the complaint.

Again, the allegation in the reply, that the appellee promised to pay the note, after its execution, on a reasonable and easy condition, is inconsistent with the averments in the answer, that the note was procured by fraud. It was held, in *Meredith* v. *Lackey*, 14 Ind. 529, that if the reply set up, even argumentatively, facts inconsistent with the allegations in the answer, it is sufficient.

We feel constrained to hold, that the court erred in sustaining the demurrer to the second paragraph of the reply.

The evidence is not in the record, and we can not therefore determine whether the appellants were injured on the trial, by that ruling of the court, but must presume they were.

The judgment is reversed, at the appellee's costs, and the cause is remanded for further proceedings, in accordance with this opinion.