### STEIN v. EMPIRE TRUST CO.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

1. BANKS AND BANKING (§ 175*)—COLLECTIONS—ACTION—BURDEN OF PROOF.
   In an action by a bank depositor to recover the amount of the check, which was charged back to his account by the bank, the burden was on him to show that the bank collected the amount of the check, or that a collection was defeated through its neglect.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 641, 642; Dec. Dig. § 175.*]

2. BANKS AND BANKING (§ 174*)—COLLECTIONS—CHECKS—FORGERY—RIGHTS OF PARTIES.
   Under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 42, making an instrument inoperative upon which there is a forged signature, a depositor is not entitled to recover against his bank for charging back to his account the amount of a check deposited by him, for forgery of a prior indorsement.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 629-633; Dec. Dig. § 174.*]

Appeal from Appellate Term.

Action by William Stein against the Empire Trust Company. From a determination of the Appellate Term (130 N. Y. Supp. 168), reversing a judgment and ordering a new trial, defendant appeals. Determination reversed, and judgment of the Municipal Court affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Isidor Unger, for appellant.
Adolph Waxenbaum, for respondent.

McLAUGHLIN, J. The plaintiff, on the 25th of July, 1910, had an account with the defendant. On that day he deposited for collection a check for $75.10, drawn by one Epstein upon the Westchester County National Bank and payable to the order of W. Sapolsky. At the time the check was deposited it bore what purported to be the latter's indorsement, as well as the plaintiff's. The amount of the check, less 10 cents, was credited to the plaintiff's account, and an entry to that effect made in his passbook. Some time thereafter, upon notice to the plaintiff that one of the indorsements was a forgery, the defendant charged his account with the $75 which had previously been credited to it, and also made an entry to this effect in his passbook. Upon receiving such notice the plaintiff went to the Trust Company, had an interview with its cashier, to whom he stated that the Trust Company had no right to charge his account with the $75, and requested that such amount be recredited. His request was refused, and he thereupon brought this action in the Municipal Court to recover such sum. In his complaint he set out a copy of the check, and alleged that for a valuable consideration it came into his possession; that after indorsement he deposited it with the defendant for collection; that thereafter the defendant collected the amount of the check, but notwithstanding that fact had refused to pay such sum to him, though a demand had been made therefor. The answer denied that the defendant had collected the check, and alleged that Sapolsky, the payee named in the check, had never indorsed it, and what purported to be his signature was a forgery.

At the trial it did not appear whether the defendant had collected the check, or whether it had made any effort to do so; no proof being offered by either party on that subject. It did appear, however, and the fact was uncontradicted, that Sapolsky had never indorsed the check, that what purported to be his signature thereon was a forgery, and that the check had been returned to the plaintiff; the same being in his possession at that time. The trial court gave judgment for the defendant. The plaintiff thereupon appealed to the Appellate Term, which reversed the judgment and ordered a new trial, and from its determination defendant, by permission, appeals to this court.

[1] The check was delivered to the defendant for collection. It being delivered for this purpose, the Trust Company did not acquire the title, but simply became the agent of the plaintiff to make the collection. National Park Bank v. Seaboard Bank, 114 N. Y. 28, 20 N. E. 632, 11 Am. St. Rep. 612; National B. & D. Bank v. Hubbell, 117 N. Y. 384, 22 N. E. 1031, 7 L. R. A. 852, 15 Am. St. Rep. 515. Before the plaintiff could succeed in the action, therefore, he was bound to allege and prove that the defendant had in fact collected the amount of the check, or a collection had not been made by reason of its neglect. The burden of proving such facts was upon the plaintiff. The complaint specifically alleged the collection of the check. The plaintiff having failed to offer any proof to sustain such allegation, and the same not being supplied by the defendant, there was a failure of

proof as to a material fact, and the trial court could not do otherwise than dismiss the complaint. The legal relation of the parties was not changed by the credit in the plaintiff's account or the entry in his passbook. This was a matter of bookkeeping, which, if the check were not collected, could easily be corrected. Such entries did not constitute a payment of the check or transfer the title of it to the defendant. Dickerson v. Wason, 47 N. Y. 439, 7 Am. Rep. 455; Citizens' State Bank v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765; 3 Am. & Eng. Enc. of Law (2d Ed.) 817.

[2] The plaintiff was not entitled to recover for another reason. The proof was uncontradicted that the payee named in the check had never indorsed it, and what purported to be his signature was a forgery. Under the negotiable instruments law (section 42), where a signature is forged, or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority. The plaintiff never obtained title to the check. He could not have enforced collection of it, and what he could not do himself he could not empower the defendant to do. Had a collection been made by defendant, plaintiff would not have been entitled to the money. The amount collected would belong to the payee, and he would have had a right of action against the defendant, had it refused to pay the same to him. If the drawer had paid the check in ignorance of the forgery, and had acted promptly, he could have compelled the defendant to repay it, in which case, if the Trust Company had paid the same to the plaintiff, it could have compelled him to refund the amount received. Oriental Bank v. Gallo, 112 App. Div. 360, 98 N. Y. Supp. 561, affirmed 188 N. Y. 610, 81 N. E. 1170; Seaboard National Bank v. Bank of America, 193 N. Y. 26, 85 N. E. 829, 2 L. R. A. (N. S.) 499.

In either view, therefore, the plaintiff was not entitled to recover.

The determination of the Appellate Term is reversed, with costs, and the judgment of the Municipal Court affirmed, with costs. All concur.