(84 Misc. Rep. 445)

STANDARD STEAM SPECIALTY CO. v. CORN EXCHANGE BANK.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

1. BANKS AND BANKING (§ 174*)—COLLECTION OF FORGED PAPER—LIABILITY.

Under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 42, providing that where a signature is forged or made without authority it is inoperative and that no right to retain the instrument, to give a discharge therefor or to enforce payment thereof, can be acquired through such signature unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority, a bank which collected checks upon which the payee's indorsement was forged was liable to make good the amount it had received, as its indorsement was a warranty of the genuineness of prior indorsements.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 629–633; Dec. Dig. § 174.*]

2. BANKS AND BANKING (§ 174*)—COLLECTION OF FORGED PAPER—LIABILITY.

Where an employé of a corporation authorized only to indorse checks payable to its order to the order of the bank in which they were customarily deposited, by means of a rubber stamp, followed by the name of the treasurer in her handwriting indorsed them in blank wholly in her own handwriting in the name of the corporation and the treasurer, the indorsement was a forgery and conveyed no title either to the persons to whom she transferred them or to the bank which collected them for such persons, and such bank was liable for the amount so collected thereon.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 629–633; Dec. Dig. § 174.*]

3. CORPORATIONS (§ 425*)—AUTHORITY OF AGENT—ESTOPPEL TO DENY.

Under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 42, providing that a forged signature or one made without authority is wholly inoperative, a corporation, which authorized an employé to indorse checks payable to it to the order of the bank in which they were customarily deposited by means of a rubber stamp followed by the name of the treasurer in her handwriting, was not estopped to deny her authority to indorse them in blank as against a bank who collected them for persons to whom she transferred them, since it could not have been misled if she had performed the act authorized in the manner prescribed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1697–1701, 1705; Dec. Dig. § 425.*]

4. BILLS AND NOTES (§ 340*)—BONA FIDE PURCHASER—NOTICE.

The bank receiving a check of a corporation indorsed by an officer or agent thereof in blank or to his own order is thereby put upon inquiry.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 825–828, 842–848; Dec. Dig. § 340.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Standard Steam Specialty Company against the Corn Exchange Bank. From a judgment for defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Henry M. Stevenson, of New York City, for appellant.

Bowers & Sands, of New York City (John J. Halpin, of New York City, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. This action is brought to recover the amount of 11 checks aggregating $329.79, drawn to plaintiff's order by various customers, the indorsement of plaintiff's name on each of which is alleged to have been forged. These checks were, after such indorsement, deposited with the defendant bank and collected by it for its depositors.

The answer denies that the indorsements were forgeries, and alleges that plaintiff's employé who indorsed said checks in plaintiff's name was authorized so to do, and that defendant acted in good faith and in due course of business.

It was stipulated that the plaintiff owned the checks in question; that its only officers were Norman C. Brizse, president, and Percy H. Pinder, secretary and treasurer; that it employed as a stenographer one Harriet Cohen, who was accustomed to make its deposits in the Greenwich Bank, and who was authorized to indorse its checks with a rubber stamp as follows: "Pay to the order of the Greenwich Bank. The Standard Steam Specialty Company"—and to affix at the end of the stamp indorsement, in her handwriting, the words "Percy H. Pinder, Treasurer"; and that "Harriet Cohen was not verbally or in writing instructed or authorized by the officers of the Standard Steam Specialty Company to indorse checks, except in the manner above set forth"; also, that Harriet Cohen either took the 11 checks in question from the mail, or they were delivered to her for indorsement for deposit in the Greenwich Bank, and instead of indorsing the checks in question with the rubber stamp, "Pay to the order of the Greenwich Bank. The Standard Steam Specialty Company," and adding in her own writing, "Percy H. Pinder, Treasurer," as she was alone authorized to do, she indorsed them with the blank indorsement, wholly in her handwriting, "Standard Steam Specialty Company, Percy H. Pinder, Treasurer," "Harriet Cohen," or "H. Cohen"; that she then delivered the 11 checks, 9 to one reputable business man and 2 to another reputable business man, who in good faith paid her the full amount thereof in cash, without knowledge of any wrongdoing.

[1] Where a bank has collected a check upon which the payee's indorsement "is forged or made without authority of the person whose signature it purports to be" (Negotiable Instrument Law, § 42), it cannot retain the money, since it had no title to the instrument upon which the money was paid, "unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority." Its indorsement is a warranty of the genuineness of prior indorsements, and, upon the discovery that any indorsement is a forgery, it becomes immediately liable to make good the amount it has received. Seaboard Nat. Bank v. Bank of America, 193 N. Y. 26, 30, 31, 85 N. E. 829, 22 L. R. A. (N. S.) 499; Oriental Bank v. Gallo, 112 App. Div. 360, 362, 98 N. Y. Supp. 561, affirmed 188 N. Y. 610, 81 N. E. 1170; Stein v. Empire Trust Co., 148 App. Div. 850, 853, 133 N. Y. Supp. 517.

[2, 3] Authority to an agent to indorse checks in a specifically restricted manner, in order that they may be deposited to the account of the principal, does not confer upon the agent authority to indorse in any other manner or for any other purpose.

In Schmidt v. Garfield Nat. Bank, 64 Hun, 298, 19 N. Y. Supp. 252, affirmed without opinion in 138 N. Y. 631, 33 N. E. 1084, upon a state of facts practically identical with the case at bar, the learned court said:

"Lingard had authority to use the stamp and to sign the plaintiff's name under the stamping upon the checks and drafts, adding his own initials thereto, and thereupon to cause the checks and drafts bearing such restricted indorsement to be deposited in the Chemical National Bank, to the credit of the plaintiff. But such authority gave Lingard no right to indorse the plaintiff's name, except in connection with a restricted indorsement made by stamping the checks and drafts with the stamp provided for that purpose by the plaintiff. * * * Assuming that he had authority to use the stamp and sign the plaintiff's name in connection with the use thereof, and then cause the checks and drafts to be deposited to the plaintiff's account in the Chemical Bank, his action in indorsing the checks with the plaintiff's name without using the stamp, and depositing such checks and drafts to his own account in the Garfield National Bank, was absolutely without any authority or justification whatever. There was therefore not only no testimony which would justify the court in holding that Lingard had authority to indorse the checks and drafts in the manner in which he did, but there was no conflict in the testimony which required the court to submit, or would have justified it in submitting, the question to the jury, as to whether Lingard had authority to indorse the checks in the manner in which he did."

See, also, Cluett v. Couture, 140 App. Div. 830, 125 N. Y. Supp. 813, citing this case with approval.

The case of Salen v. Bank of State of New York, 110 App. Div. 636, 97 N. Y. Supp. 361, relied upon by respondent as authority for the proposition that plaintiff is precluded herein from denying the authority of its agent, Harriet Cohen, is not on all fours with the case at bar. In the case cited the agent had general authority to indorse checks for the purpose of depositing them to the credit of his principal; but the exact method of indorsement was not prescribed and restricted as in the case at bar. In this case the sole authority reposed in Harriet Cohen, as to indorsement, was to perform the physical act of affixing the stamp indorsement on the backs of checks, "Pay to the order of the Greenwich Bank. The Standard Steam Specialty Company," and adding thereto in her own handwriting the words "Percy H. Pinder, Treasurer." Had she performed this sole act she was authorized to perform in the restricted manner prescribed, defendant bank could not have been misled thereby. The indorsement of the plaintiff's name by her in any other form whatever was an act of forgery and could convey no title either to the persons to whom she transferred the checks or through them to the defendant bank.

It is also to be noted that in the Salen Case the agent had general authority to draw checks against deposits which he was authorized to make and to use the proceeds thereof, thus indicating that there was no intent to limit his authority to the performing of a mere carefully restricted physical act.

No act of the plaintiff herein would work as an estoppel under section 42 of the Negotiable Instruments Law.

[4] The fact that a check of a corporation is indorsed by an officer or agent thereof in blank, or to his own order, puts a bank, upon receiving such checks, on inquiry (Niagara Woolen Co. v. Pacific Bank,

141 App. Div. 265, 267–269, 126 N. Y. Supp. 890; Ward v. City Trust Co., 192 N. Y. 61, 69, 84 N. E. 585; Squire v. Ordemann, 194 N. Y. 394, 396, 397, 87 N. E. 435.

It is urged by the respondent that the defendant bank is in a different position because it did not deal directly with the wrongdoer. We are unable to see that its position is altered in any respect by reason of this fact. The indorsement being a forgery, it could convey no title to the transferee thereof, and the invalidity of the indorsements could not be cured by subsequent transfer to others. Defendant's depositor, having no title, could convey none to the defendant, and defendant, having no title and having wrongfully collected the moneys represented by the checks, is liable for the amounts thus wrongfully received.

For this reason the judgment must be reversed, with costs and judgment directed in favor of the plaintiff for the full amount claimed, with costs.

DELANY, J., concurs. SEABURY, J., taking no part.