SLATTERY & COMPANY, Plaintiff, *v.* THE NATIONAL CITY BANK OF NEW YORK, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, December, 1920.)

Conversion — check — delivery to wrong person by mistake — bona fide purchaser — when drawer of check as assignee of proper payee acquires no title — negligence of drawer proximate cause of loss.

To maintain an action for conversion the plaintiff must have some title to or interest in the property alleged to have been converted. (P. 51.)

In an action for the alleged conversion of a check and the proceeds thereof drawn by plaintiff it appeared by the agreed statement of facts that by mistake the check was forwarded, not to the payee, but to another customer of plaintiff having the same name, upon whose indorsement of the check the amount thereof was paid to him by a bank in the belief that he was the proper payee. *Held*, that the alleged proper payee of the check, who received nothing, acquired no title to or interest therein, and that plaintiff as his assignee had no right of action for the conversion of the check against the defendant bank, which after collecting the check from the bank on which it was drawn transmitted the proceeds to the bank which had cashed the check. (Pp. 51, 52.)

The negligence of the plaintiff or its agent delivering the check to the wrong person, thus enabling him to pass an indefeasible title to a *bona fide* purchaser, was the proximate cause of the loss which plaintiff must bear rather than defendant which parted with its money in absolute good faith. (Pp. 53, 54.)

SUBMISSION of controversy on agreed statement of facts.

Hardin & Hess (Harold B. Elgar and Ernest Angel, of counsel), for plaintiff.

Shearman & Sterling (Chauncey B. Garver and Chester B. McLaughlin, Jr., of counsel), for defendant.

GENUNG, J. This is an action for the sum of $167.46, with interest from October 27, 1919, brought by the plaintiff for the alleged conversion by defendant of a check and the proceeds thereof, drawn by the plaintiff on the Seaboard National Bank of New York, numbered 8862, dated October 26, 1919, and payable to the order of Harold E. Richards. Plaintiff is a brokerage firm and dealer in investment securities. Some months prior to the issuance of the check, the plaintiff had on its books two accounts, one in the name of H. E. Richards, Rockdale, Tex., and the other in the name of Harold E. Richards, Bartlesville, Okla. In April, 1919, the plaintiff closed its account with the said H. E. Richards, Rockdale, Tex., and sent him a fifty dollar liberty bond and a check for the sum of fifty-four dollars and seventy-four cents, together with a statement showing that his account was closed. In October, 1919, the account with the said Harold E. Richards, Bartlesville, Okla., was open, and at that time there was sold for the account of the said Harold E. Richards, Bartlesville, Okla., a certain quantity of securities, and a check for $167.64, dated

October 26, 1919, numbered 8862, payable to Harold E. Richards, was drawn on the Seaboard National Bank of New York. By mistake the check was forwarded to H. E. Richards, Rockdale, Tex., instead of being forwarded to Harold E. Richards, Bartlesville, Okla. Inclosed with the check was a statement showing the transaction out of which the account arose. Upon receipt of the check, Harold E. Richards, Rockdale, Tex., indorsed the check, and secured the endorsement of J. R. Breen, who was known to the officers of the Taylor National Bank, Taylor, Tex., and had the check cashed by the Taylor National Bank, who delivered the proceeds thereof to Harold E. Richards, believing him to be the proper payee of the check. The check then was sent to the National City Bank, the defendant herein, by its correspondent, the Taylor National Bank, and the National City Bank collected the proceeds thereof from the Seaboard National Bank and transmitted the same to the Taylor National Bank. The National City Bank undoubtedly believed, as did the Taylor National Bank, that the indorsement of Harold E. Richards was the indorsement of the proper payee of the check. Harold E. Richards, Bartlesville, Okla., never received the proceeds of the check, and prior to the commencement of the action, assigned to the plaintiff herein any claim which he might have by reason of the issuance of the check or of any of the facts above stated.

The plaintiff claims that the indorsement, made by Harold E. Richards, Rockdale, Tex., with the knowledge that he had no right to the check or the proceeds thereof, was a forged indorsement, although this knowledge was not communicated to the Taylor National Bank, and claims the forged indorsement gave to the defendant no right to present this check to the Seaboard National Bank or to retain or dispose of the proceeds.

If this indorsement was a forged indorsement, it is well settled that no title passed by the forged indorsement (Neg. Inst. Law, § 42), and, further, the bank or person making the payment on the forged instrument did so at its peril (*Seaboard National Bank* v. *Bank of America,* 193 N. Y. 26), and the defendant obtained no title to the check and the proceeds thereof belonged to the payee whose indorsement had been forged (*Stein* v. *Empire Trust Co.,* 148 App. Div. 850), and the defendant, having collected the amount of the check with the forged indorsement of the payee thereon, is not entitled to retain the proceeds as against the payee. *Standard Steam Specialty Co.* v. *Corn Exchange Bank,* 84 Misc. Rep. 445. The plaintiff claims the diversion by the defendant, under these circumstances, of the proceeds of the check from the proper payee and payment thereof to the Taylor National Bank, constituted a conversion and gave the plaintiff a right of action for damages to the face amount of the check. *Graves* v. *American Exchange Bank,* 17 N. Y. 205; *Mead* v. *Young,* 4 T. R. 28; *Seaboard National Bank* v. *Bank of America,* 193 N. Y. 26.

The defendant claims that the plaintiff, as the assignee of Harold E. Richards, Bartlesville, Okla., has no interest in the check. It is well settled that, to support an action for conversion, the plaintiff must have some title or interest in the property alleged to have been converted. Title to a check passes by indorsement and delivery, or, if the check is payable to bearer, by delivery alone. It appears that the plaintiff's assignor, the alleged proper payee, received nothing, since instead of being delivered to him, the check was delivered to a third person, and consequently Harold E. Richards, Bartlesville, Okla., acquired no title or interest in the check. If this be

Municipal Court of New York, December, 1920.    [Vol. 114.

so, the plaintiff's assignor had no right of action against the defendant for conversion.

The defendant further claims there was no forgery in the indorsement of the check by Harold E. Richards, Rockdale, Tex., to whom the check was sent by the plaintiff. Undoubtedly he knew, when he received the check, that a mistake had been made and that the plaintiff might make claim thereafter for the proceeds thereof, but that does not alter the fact that the plaintiff actually made and delivered the check to him as payee and that he could give a good title to it by indorsement to a *bona fide* purchaser for value and without notice. The only ground for claiming that the plaintiff's assignor was the payee of the check was that it was drawn by the plaintiff to be forwarded to him in payment of certain securities which had been sold for his account by the plaintiff. The plaintiff's original purpose in drawing the check, however, is of no importance when it actually delivered the check to a third person, who was also named in the check as payee. The intent to make the check payable to Harold E. Richards, Bartlesville, Okla., was superseded and blotted out by the actual delivery of the check to Harold E. Richards, Rockdale, Tex. *Weisberger Co.* v. *Barberton Savings Bank,* 84 Ohio St. 21; 34 L. R. A. (N. S.) 1101; *Heavey* v. *Commercial National Bank,* 27 Utah, 222. In *Weisberger Co.* v. *Barberton Savings Bank,* the plaintiff drew a check to the order of Max Roth, who did business as the plaintiff knew at 48 Walker street, New York, but by mistake mailed the check to Max Roth, 48 Walker street, Cleveland, O. When the letter carrier found no one by that name on Walker street, he found one Max Roth on Henry street, and gave him the letter. He indorsed the check, transferred it for cash to another, who collected from the drawee bank. In an action by the plaintiff against the drawee bank,

the court held the plaintiff could not recover. In *Heavey* v. *Commercial National Bank,* a bank by postal card, mistakenly, informed the wrong person, but of the same name, that money had been deposited to his credit in the bank. This person wrote to the bank for a draft which the bank sent to him and which he indorsed to a holder in due course, and the court held that he had a good title.

It is well settled in this state that, when a check is delivered to one person, even though the person delivering it believes him to be some one entirely different, the delivery is sufficient to enable the person receiving it to pass an indefeasible title to a *bona fide* purchaser. *First National Bank* v. *American Exch. Nat. Bank,* 49 App. Div. 349; affd., 170 N. Y. 88; *Sherman* v. *Corn Exchange Bank,* 91 App. Div. 84; *Hartford* v. *Greenwich Bank,* 157 id. 448. Under these decisions, when the plaintiff delivered the check to Harold E. Richards, Rockdale, Tex., the fact that it believed that he was the person to whom it was indebted was immaterial. Since there was a delivery to Harold E. Richards, Rockdale, Tex., even though the plaintiff in making the delivery labored under a misapprehension, it is clear that the said Richards could pass a good title to a *bona fide* purchaser. *Salen* v. *Bank of the State of New York,* 110 App. Div. 636; *Cluett* v. *Couture,* 140 id. 830.

In addition to the foregoing, the defendant claims that the plaintiff is estopped, even if it were held that the indorsement in question was a forged indorsement, from asserting that fact. The plaintiff actually delivered the check to a man having the same name as the plaintiff's assignor, the alleged proper payee. The result was clearly to be foreseen and the negligence of the plaintiff, or its agent, is a proximate cause of the loss. It is well settled that estoppel is a valid defense

to an action resting on a forgery. *Heffner* v. *Dawson,*
63 Ill. 403; *Kuriger* v. *Joest,* 22 Ind. App. 633;
*Corwith First State Bank* v. *Williams,* 143 Iowa, 177;
*Casco Bank* v. *Keene,* 53 Maine, 103; *Gluckman* v. *Dar-
ling,* 85 N. J. L. 457; *Blodgett* v. *Webster,* 24 N. H. 91;
*Cohen* v. *Teller,* 93 Penn. St. 123; *Murphy* v. *Estate of
Skinner,* 160 Wis. 554; *National Bank of Commerce*
v. *First National Bank,* 152 Pac. Repr. 596.    As
between the plaintiff and the defendant herein, it is
clear that the plaintiff, through whose fault the loss
occurred, rather than the defendant, who parted with
money in absolute good faith, should bear the loss.

The defendant is entitled to judgment.

Judgment for defendant.