WALTER MITCHELL, RESPONDENT, v. J. R. SMITH, APPELLANT.*

Kansas City Court of Appeals. December 17, 1928.

*Corpus Juris-Cyc References: Alteration of Instruments, 2CJ, section 147, p. 1256, n. 62; Appeal and Error, 4CJ, section 2732, p. 782, n. 31; section 2834, p. 853, n. 59; Damages, 17CJ, section 397, p. 1087, n. 56; Torts, 38Cyc, p. 540, n. 5; Trial, 38Cyc, p. 1632, n. 10; p. 1686, n. 64.

*Lionel Davis* and *Ruby M. Hulen* for respondent.

*Burns & White* for appellant.

WILLIAMS, C.—This case comes to us from the circuit court of Howard county. The petition was in three counts. Counts two and three dropped out of the case in the trial court and plaintiff's recovery was on the first count.

The evidence shows that defendant owned a farm in Boone county, Missouri. A former tenant had given the defendant a chattel mortgage on a large amount of personal property located on this farm. After some negotiations the defendant leased the farm to the plaintiff herein. The lease was for three years. The defendant was to foreclose his mortgage on the personal property which had been given by the former tenant, and plaintiff was to purchase this personal property. The price was to be $3000. This was to be secured by a chattel mortgage on this property. There was evidence tending to show, and by the verdict of the jury, in this court is taken as true, that the written lease was changed after the contract was signed by the parties. After various negotiations the defendant refused to proceed any further unless a chattel mortgage was given on the personal property. A bill of sale and chattel mortgage were prepared. It seems that the chattel mortgage was to cover only that

property which had been foreclosed by the defendant and which had been on the Hallsville farm. The final negotiations seem to have been that the chattel mortgage was to cover all the property on the J. E. Tucker farm that had been purchased by defendant from J. R. Smith, and Smith was to be secured by the second deed of trust on the Stoddard county farm. The description in the chattel mortgage seems to have been on separate pieces of paper and pinned to the mortgage. It seems that actually the chattel mortgage covered, in addition to the property intended, all the plaintiff's personal property that was on the farm after the 19th day of December, 1927. That this was a change after the chattel mortgage was executed. The witness called this his individual property and testified it was worth about $1000, consisting of two teams of mules, wagon, harness, seed corn, farming tools, household goods, gasoline tank, etc. The note was sold to a company in Kansas City. The defendant testified that the holders of the note, secured by the chattel mortgage, asserted a claim to the property under the forged or altered instrument; that plaintiff was compelled to and did surrender property to the holders of the notes; that by reason of the alteration in the mortgage he was compelled to give up the farm, and there was evidence tending to show the value of the lease.

A verdict was returned for $1000 actual and $1000 punitive. Defendant, after an unsuccessful motion for a new trial, brings the case here on appeal.

It is first contended that the demurrer to the evidence should have been sustained. More specifically it is argued that plaintiff ratified any alterations by delivering the property to the holder of the mortgage. However, the evidence shows that an adjustment was made and we do not think that a compromise of conflicting claims between the holder of the note and the mortgagee would be a ratification as between the one who changed the instrument and the plaintiff. If suit had been brought and the lawsuit compromised, there would have been no ratification. The Supreme Court in Mayes v. Adair County, 194 S. W. 58, l. c. 59, said:

"If I have an alleged outstanding note, and choose to pay the greater portion thereof, I would not be precluded, when sued upon the balance, from saying that my name thereto was a forgery."

It has been held where the signature on a bond has been forged, there could be no ratification. [McHugh v. Schuylkill Co., 67 Pa. 391; Workman v. Wright, 33 Ohio St. 405; Negley v. Lindsay, 67 Pa. 217; Hefner v. Vandolah, 62 Ill. 483.]

Again it is contended that the demurrer should have been sustained because no lien was created on plaintiff's property. If this was a suit for the value of the property taken, there might be some strength in this argument, but in this case the suit is for damages

for the altering of the chattel mortgage and the consequent damage, and not the value of the property taken. This argument is beside the question.

Again it is argued that the evidence shows conclusively that plaintiff suffered no loss by reason of the alteration. That question was submitted to the jury. The jury found against the defendant. There was substantial evidence, if believed, to justify the verdict.

Appellant argues that where a person has acted or conducted himself in a particular manner, he cannot assume a position inconsistent with such an action to the prejudice of another, and cites in support of that proposition the following: Curtis v. Moore, 162 Mo. 142; Linder v. Brewing, 131 Mo. App. 680.

We find no fault with that statement of the law. We do not think it applicable here, as the plaintiff did nothing that would mislead the defendant ''or prejudice his rights in any way.'' For the purposes of this case, the jury found that the paper was changed. We do not see how a settlement made between the plaintiff and the innocent holder of the forged paper could prejudice the rights of the one who caused the alteration. We rule against the defendant on that assignment.

It is next alleged that the court erred in giving instruction No. 1. It is urged that the instruction is broader than the pleadings, and more particularly that in the instruction the jury was required to find that plaintiff surrendered said lease. The petition recites that the plaintiff entered upon the occupancy of the farm under the lease, and had practically completed his moving. And further says that plaintiff was compelled to make the said release and surrender, and suffer damages from the altered chattel mortgage. After carefully reading the record we find that the evidence in regard to the giving up of the farm went in without objection. It has been held in a number of cases that when evidence is received without objection, the court will consider the petition amended to conform with the proof after verdict. [Treece State Bank v. Wade, 283 S. W. 714; Ehrlich v. Mittelberg, 299 Mo. 284; State ex inf. v. Gromer, 252 S. W. 705.] We rule against the appellant on this point.

It is next contended that the instruction submitting the question of damages is improper. The instruction told the jury that they could ''allow the plaintiff such damages as you may believe he has sustained due solely to said alteration, if any, of said chattel mortgage described in the evidence.'' We see no reason for complaint of this instruction and especially so as no instruction on damages was asked by defendant. It is complained that the word ''malicious'' is not properly defined, and the case of Dickensheet v. Mining Company, 200 Mo. App. 150, is cited. We think, however, that instruction No. 2, under the evidence, is not in conflict with Dickensheet v. Mining Company, supra, for the reason that if the chattel mortgage

was altered or forged for the purpose of injuring this defendant, it was intentionally "violating a known right."

It is further complained this instruction is not broad enough. This instruction has been practically approved in: Peak v. Taubman, 251 Mo. 390; Kennedy v. K. C. Railway Co., 214 S. W. 237; Stansberry v. McDow, 186 S. W. 757; Summers v. Keller, 152 Mo. App. 626.

It is argued that the worst that can be gathered from all the evidence is that there was a misunderstanding. This might be a good argument for the triers of the fact, but under the instruction and finding of the jury supported by substantial evidence, we are not authorized, as a matter of law, to say it was simply a mistake.

It is next contended that the verdict of the jury is excessive. If, however, the chattel mortgage was altered for the purpose of defrauding the plaintiff and he had to surrender a valuable farm lease by reason thereof, stop in the midst of his moving and change all his business plans, we do not consider the verdict of $1000 as excessive, as was said in McGraw v. O'Neil, 123 Mo. App. 1. c. 691:

"Presumption is strongly in favor of the right action of the jury and that any excess in the verdict is the result of honest mistake; and where the verdict has received the sanction of the trial court it is attended with the further presumption that the Judge exercised his discretion soundly and saw nothing to convince him of passion or prejudice."

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.