No. 499.

## KAIN v. BARE ET AL.

CONTRACT.—*Against Public Policy.*—*Answer Setting up Illegality.*—*Sufficiency of.*—A. sold to B. twenty bushels of oats at $10 per bushel, which, in fact, were worth only about twenty cents per bushel, as the parties well knew, and A. executed his bond to B., obligating himself to buy twenty bushels of oats raised from those sold to B., and B. executed to A. his promissory note in the sum of $204.10. Suit was brought on the note, to which an answer was filed, setting up the illegality of the transaction, the breach of the undertaking by A., and the true value of the oats pur-chased by B. from A.

*Held*, that the answer, although admitting that the consideration was partially legal, while seeking to avoid the whole, was not bad, because, when the entire contract is illegal and void on the ground of public policy, the court will not enforce any part of it.

PROMISSORY NOTE.—*Notice of Defence to.*—*Illegality of Consideration.*—The special verdict, which found, in substance, that all of the parties to the note and the assignments were fully acquainted with all the elements, consideration, agreements and negotiations that entered into the same, and of the want of consideration of the original note, was sufficient to charge the plaintiff with knowledge of defence to the note before he took it.

ESTOPPEL.—*When will not be Enforced.*—The fact that the defendant paid $6 on the original note, which was based on an illegal consideration, and then executed the one in suit in renewal of the former, can not alter the liability of the defendant, unless the plaintiff be an inno-cent purchaser, when it would work an estoppel, but there can be no es-toppel when the party seeking to invoke it has full knowledge of the facts constituting the original transaction.

From the Huntington Circuit Court.

*T. G. Smith*, for appellant.

*M. L. Spencer* and *J. C. Branyan*, for appellees.

REINHARD, J.—Action by the appellant against the ap-pellees on the following promissory note :

"February 5, 1887. On or before Oct. 1, 1887, after date, we promise to pay to the order of John W. Kain, at Citi-zens' Bank of Huntington, Indiana, two hundred and four and $\frac{10}{100}$ dollars, value received, without any relief from val-uation or appraisement laws, with interest at eight per cent.

per annum until paid, and attorney's fees.  The drawers and endorsees severally waive presentment for payment, protest, and notice of protest and non-payment of this note.

" $204.10.                              HENRY BARE,
                                    " LYDIA BARE."

It was averred in the complaint that the payee of the note endorsed the same to the plaintiff before maturity and for a valuable consideration.

To the complaint the appellees filed an answer in one paragraph.  The answer pleads the illegality of the consideration for which the note was given.  It avers that the only consideration for said note was that the payee of the original note, of which the one in suit is a renewal, was to deliver, and that the defendants were to receive of the said payee, twenty bushels of oats, estimated by said payee at $10 per bushel, but in truth and in fact only of the value of twenty cents per bushel, which fact said payee well knew; that said payee also gave the defendants a bond agreeing to buy twenty bushels of oats raised from the oats sold the defendants, for which said payee was to pay the price of $10 per bushel, and was to redeem said bond by paying the amount therein in good solvent notes, but that he never bought any oats of these defendants or either of them; that said transaction was in fact a gaming transaction and an unlawful speculation in the value of grain, putting thereon false and fictitious values; that the plaintiff, well knowing the character of said note and all the fraudulent and illegal transactions out of which it grew and upon which it rested, took the same with full notice of its illegal consideration.

A demurrer was overruled to this answer, and for this ruling we are asked to reverse the judgment.  We think the answer is sufficient under the authority of *Schmueckle* v. *Waters,* 125 Ind. 265.  In that case the evidence showed that the note was given in a transaction between the maker and a certain incorporated company in the State of Ohio, the agents of which pretended to sell the appellees ten bushels of

Bohemian oats at $10 per bushel, the company executing its bond in return, by which it obligated itself to sell twenty bushels of the oats for the makers of the note at $10 a bushel, less a certain commission, the oats to be sold before the maturity of the note. The bond provided that the transaction covered by the same was of a speculative character, and was not based upon the real value of the grain. It was held by the court, MITCHELL, J., delivering the opinion, that the contract, as between the parties to it, was void as against public policy. In the course of the opinion the learned judge says:

"Taking the transaction in its full measure and scope, it was simply this: Ten bushels of oats, of the actual value of thirty or forty cents a bushel, were delivered by one party to the other, upon an agreement that the party receiving the oats should execute his note for $100, the party furnishing the oats agreeing, in turn, to sell twenty bushels of oats, to be delivered by the maker of the note, at the price of $10 per bushel, both parties, presumably, having full knowledge of the actual value of the oats. One who voluntarily, with his eyes open, and without being overreached or defrauded, engages in a transaction such as that, simply becomes a party to a gambling contract, which the law will not enforce between the parties, or those having notice of the nature of the contract."

The fact that the answer concedes the oats to have been of some value is used as an argument by appellant's counsel in favor of the position that the consideration not being wholly illegal, the answer is but a partial response to the complaint when it attempts to meet all, and is therefore bad. If the answer sought to avoid the contract on account of fraud, the appellant's position would be sound, as this court has decided. *Regensburg* v. *Notestine*, 2 Ind. App. 97. But where the entire contract is illegal and void, from public policy, the courts will not lend themselves to the enforcement of any part of it. *Schmueckle* v. *Waters, supra.*

The appellant further insists that the answer fails to show knowledge on the part of the payee of the note, the present appellant and plaintiff below. We think the answer abundantly discloses such knowledge, although the burden of alleging and proving a want thereof, and that the note was purchased by him in good faith, rests upon the appellant. *Tescher* v. *Merea,* 118 Ind. 586 ; *Giberson* v. *Jolley,* 120 Ind. 301 ; *Citizens' Bank* v. *Leonhart,* 126 Ind. 206 ; *Schmueckle* v. *Waters, supra.*

This rule obtains, as the foregoing cases show, notwithstanding the note is governed by the law merchant.

We think the demurrer to the answer was properly overruled.

Error is claimed, also, in the overruling by the court of the appellant's motion for a judgment on the special verdict in his favor, and in rendering judgment thereon in favor of the appellees.

This motion and the ruling thereon involve an examination of the special verdict.

The substance of the special verdict is that on the 5th day of February, 1887, the defendants executed to one John W. Kain the note set out in the complaint, agreeing to pay said Kain $204.10 on October 1st, 1887, with interest at eight per cent. and attorney's fees, said note being made in renewal of a note of prior date for $200, drawn by said parties, payable to one William P. Miller, and which note had been assigned to said John W. Kain, the payee of the note in suit ; that the original note of $200 was made by the defendants upon the agreement with one Alexander Kain acting for and in behalf of said Miller to deliver to the defendant Henry Bare twenty bushels of oats at the speculative price of $10 per bushel and the execution and delivery to him of a bond by which the obligors of such bond promised and agreed to take from said Henry Bare twenty bushels of oats to be produced by him from the oats delivered to him at the like speculative price of $10 per bushel, which price

it was fully understood and agreed was greatly in excess of the real value of such oats, which was known by both parties to be not over thirty cents per bushel; that the payee of said note failed and neglected to buy the oats raised by said Bare or to fulfil the condition of said bond, and that afterwards said Miller assigned said first note to said John W. Kain who at the time and always had full knowledge of the transaction by which the note was obtained, and that the defendant Bare had received no consideration therefor, except the twenty bushels of oats aforesaid of the value of $6, and that said Kain procured the defendants on February 5, 1887, to execute to him the note in suit and who paid at the time $6 on the original note, and no consideration was received by them for the execution of the new note whatever; that afterwards, in August, 1887, said John W. Kain endorsed the note in suit to the plaintiff, who was his brother, in consideration of the plaintiff having long prior to that time executed a note as his surety, and upon which judgment has been rendered against him in the sum of $157, and which the plaintiff afterwards paid as surety for said John W. Kain; that the plaintiff is and was engaged in the business of farming, and the purchase of notes never has been at any time any part of his ordinary business; and his brothers, said John W. and Alexander Kain, were engaged with said W. P. Miller in negotiations and trades with oats at the speculative price of $10 per bushel, and had been so engaged for a long time prior to the time of the execution of the note, and all of said brothers and parties to said notes and assignments were fully acquainted with all the elements, consideration, agreements and negotiations that entered into the same, and of the want of consideration of said original note, and at the time of making the same said parties were fully cognizant of all of said transactions, negotiations and assignments.

If upon the foregoing facts the law was with the plaintiff, then the jury found for the plaintiff and assessed his dam-

ages at the sum of $287.60; if with the defendants, then the jury found for the defendants.

The appellant insists that it is nowhere shown in the special verdict that the appellant had knowledge of any defence before he took the note. In this, counsel for appellant is manifestly mistaken. It is found that the payee of the note in suit, when the first note was assigned to him, had, and that he always has had, full knowledge of the transaction by which it was obtained, and that Bare had received no consideration therefor except the oats. It is further found that " all of said brothers and parties to said notes and assignments were fully acquainted with," etc. This is a literal quotation from the special verdict. We do not see how it could have been made more clear that all these parties, including the plaintiff, who is the appellant here, had full knowledge of the transaction. If the appellant knew these things, it is hard to see how he can be considered an innocent holder of the note, even if he had paid full value for the same at the time he received it, instead of taking it as collateral security for a pre-existing debt, as the verdict discloses. The fact that appellees paid six dollars on the original note, and then executed the one in suit in renewal of the former, can not alter the liability of the appellees under the circumstances. These facts could only serve as tending to work an estoppel, and might do so if there had been no notice to the appellant. But there can be no estoppel when the party seeking to invoke that doctrine had full knowledge of the facts constituting the original transaction. *Lash* v. *Rendell,* 72 Ind. 475; *Hosford* v. *Johnson,* 74 Ind. 479; *Sims* v. *City of Frankfort,* 79 Ind. 446; *Mitchell* v. *Fisher,* 94 Ind. 108; *Platter* v. *Board, etc.,* 103 Ind. 360; *Glass* v. *Murphy, post,* p. 530.

We think the facts found amply support the judgment, and no error was committed in the overruling of the motion to render judgment in favor of appellant upon the special verdict.

One of the reasons assigned in the motion for a new trial

was the insufficiency of the evidence. No particular place in the evidence is pointed out wherein it fails, and we have not been able to discover any. We regard it as sufficient.

Misconduct of counsel in the closing argument is another ground specified in the motion for a new trial. Without setting forth here the language used by counsel, of which the appellant complains, it is sufficient to state that we do not regard such language, under the facts proved, as necessarily beyond the scope of legitimate argument. The transaction which resulted in the execution of the note was one which has been designated and characterized by the Supreme Court as a gambling contract, void from public policy, a speculative or wagering contract, a transaction which in its objects, operation or tendency is prejudicial to the public welfare, etc. *Schmueckle* v. *Waters, supra.*

The transaction thus characterized was not essentially different from that in the case before us, and the language employed by counsel, though somewhat sweeping in its denunciations, was not more indicative of legal condemnation than that used by the Supreme Court. Moreover, the argument was within the evidence, and where that is the case mere exaggerated language will not work a reversal if permitted by the trial court.

Conceding, however, that the language was improper and even erroneous, the error was a harmless one. From the evidence but one legitimate result was obtainable, and that was a finding and judgment for the appellees.

There was no substantial dispute in the evidence, and it leads inevitably to the end obtained.

We think the special verdict amply supports the material averments of the answer, and that the motion for a new trial was properly overruled. This disposes of all the errors raised and discussed by appellant's counsel. We have not been able to discover any ground for reversal.

Judgment affirmed.

Filed April 28, 1892.