Filed June 16, 1896.

---

No. 2,015.

## Long v. Johnson.

Appellate Procedure.—*Harmless Error.—Demurrer.*—Where the record discloses that plaintiff filed a demurrer to an amended paragraph of answer, it is sufficient, although the word "amended" was omitted from the demurrer.

Pleading. — *Cross-complaint to Set Aside Contract. — Corporate Stock.—Offer to Return.*—A cross-complaint to set aside the contract sued on, for fraud, the same being for the purchase of corporate stock, is not sufficient unless it contains an offer to return the stock; and such offer cannot be avoided merely because it is averred to have been worthless when contracted for, but is not alleged to be worthless at the time the cross-complaint was filed.

Same.—*Answer.—No Consideration.—Corporate Stock.*—Neither is such pleading good if considered as an answer of no consideration,

Long v. Johnson.

it not appearing that the stock is still worthless, although averred to have been worthless when purchased.

PROMISSORY NOTE.—*Renewal.*—*Ratification.*—*Fraud.*—The renewal of a note fraudulently procured, will amount to a ratification of the original contract, if the facts were known to the maker at the time of such renewal.

PRACTICE.—*Overruling Demurrer to Bad Paragraph of Answer.*— *Harmless Error.*—The fact that one of two affirmative paragraphs of answer is sufficient, admitting the same evidence as the other, does not render the overruling of a demurrer to the other insufficient paragraph harmless, where a general verdict is rendered, and it does not appear upon which paragraph it rests.

From the Madison Circuit Court.

*W. A. Kittinger* and *E. D. Reardon,* for appellant.

*H. C. Ryan,* for appellee.

REINHARD, J.—Appellant instituted this action against appellee, on a promissory note for $500.00, executed by the appellee to the Acme Printing Company.

The appellee filed an answer, which was afterwards amended, the amended answer being in two paragraphs. There was a demurrer to the first paragraph of this amended answer, which was overruled and an exception taken. This ruling is assigned as error.

It is not material whether, in the demurrer to this pleading, counsel denominated it as an answer or an amended answer. The record shows that the plaintiff filed a demurrer to the first paragraph of the amended answer. The omission of the word "amended" from the demurrer does not render it defective.

In this pleading, the appellee admits the execution of the note, and avers that it was executed in renewal of another note for a like amount, which was given in consideration of twenty shares of stock in the Acme Printing Company, a corporation. It is averred that the appellant and others were the owners of nearly

all the shares of stock in the company, and had full knowledge and control of the business of the corporation; that the officers thereof falsely and fraudulently represented to the appellee that the property of said corporation, consisting exclusively of machinery and stock, was worth $10,000.00, and free and clear of all encumbrances; and that they knew this statement was false, for, in truth and in fact, there were at that time chattel mortgages on the property amounting to $7,000.00, and that the day before the note was given in renewal said company executed another mortgage on said property for $1,150.00, all of which was kept concealed from appellee; that one Jane Long, the wife of the plaintiff, held a mortgage on said property when the original note was given for $5,820.00, which was in addition to other notes of said company for $1,700.00; that said company was insolvent when said original note was executed, and that the capital stock for which said original note was given, was, at the time of the sale and transfer of same to this defendant, utterly worthless and of no value whatever. Wherefore, there was no consideration for said note.

This pleading is clearly bad, whether it be regarded as an answer of no consideration, or as a cross-complaint to rescind the contract for fraud. In the latter event, the pleading is fatally defective, because it does not offer to return the stock. Appellee says this was not necessary, because it is alleged to be worthless. But it is not averred that the stock was worthless when the pleading was filed. The averment is that the capital stock of said Acme Printing Company, for which said original note was given and the one in suit renewed, "was, at the time of the sale and transfer of same to this defendant, utterly worthless and of no value whatever." It is nowhere averred that said

stock is still worthless. For aught that appears in this pleading, the stock may be worth its full par value, or even more, or may have been so when the answer was filed. It is not sufficient to show what the value of the stock was when it was transferred. If it has any value now, the appellee cannot keep it and refuse to pay for it at the same time. We know judicially that the valuation of stock in corporations changes from time to time. It may be true, that the stock was of no value whatever when it was transferred to appellee, and yet it may have increased considerably in value since that time. It devolved upon the appellee, in his answer, to exclude every hypothesis upon which the appellant might be entitled to recover under the averments of the complaint.

For a similar reason the pleading must be held bad as an answer. It is not sufficient as a plea of no consideration, because it does not appear that the fact of there being encumbrances upon the corporate property has rendered the stock valueless to the appellee. There is an averment that the company was insolvent when the original note was executed, but, for anything disclosed, it may have paid all its debts and be as rich as Croesus now. Nor is it shown that the appellee did not have knowledge of the encumbrances or debts when the note was renewed. The renewal of the note would be a ratification of the original contract, even if the same was fraudulent, if the facts were known to the maker at the time of such renewal.

For the same reason the answer is bad as an answer of failure of consideration. There is nothing in the pleading to show that the appellee has been injured by the insolvency of the company, or the worthlessness of the stock when he received it.

But the appellee's counsel say, "even if this paragraph is bad and the demurrer should have been sus-

tained, it is not reversible error for the reason that the sufficiency of the second paragraph of answer is not legally questioned in this court. The second paragraph pleads generally no consideration; and, under this paragraph, all evidence was admissible that could have been introduced under the first, and to which objection is urged. The verdict is general, and not upon the first paragraph specifically."

Granting all that is here said concerning the second paragraph, and the admissibility of the evidence under it, the consequences claimed do not follow. Manifestly, the appellee's counsel attempt to invoke the wrong rule here. The rule contended for is applicable only in a case in which a demurrer has been sustained to a good answer, when there is another paragraph remaining under which the same facts are as fully available to the pleader. In that case, the ruling is harmless. But it is otherwise where a demurrer to a bad answer has been overruled. In that event, the plaintiff cannot avail himself of the objection by any other method than by the demurrer. Elliott App. Proced., section 669.

That the appellee might have proved the same facts under the second paragraph of his answer would not constitute such facts a sufficient defense. It is true, the defense might be rendered sufficient by the addition of other facts, but we cannot assume that this was done. Appellant had a right to assume that the court would adhere to the theory indicated by its ruling upon the demurrer, and to conduct the case upon that assumption to the end. Elliott App. Proced., supra.

Judgment reversed, with directions to sustain the demurrer to the first paragraph of the answer.

Filed June 16, 1896.