## HARRISON *v.* STATE BANK OF MONTICELLO.

[No. 6,968.   Filed May 10, 1911.]

1. BILLS AND NOTES.—*Consideration Moving From Third Person.*
—*Knowledge as to Payee.*—Where the consideration of a note moved entirely from a third person, it is not essential to the enforcement of the note that the maker, at the time of its execution, should know who was named as payee in said note.   p. 569.

2. BILLS AND NOTES.—*Consideration.*—*Third Persons.*—*Equity.*—The rule that a payee can enforce a note the consideration for which moved from a third person, though formerly recognized only in equity, is now recognized by the code.   p. 569.

3. BILLS AND NOTES.—*Consideration.*—*Third Persons.*—*Evidence.*
—*Ignorance of Maker.*—The statement of the maker of a note that he did not know that the plaintiff was the payee of the note sued on is not admissible in evidence where the answer was a general denial, payment, and want of consideration, unless it was inseparably connected with evidence showing a want of consideration.   p. 570.

4. BILLS AND NOTES.—*Real Parties.*—*Question of, how raised.*—The maker of a note can question the plaintiff's capacity as the real party in interest only by a special answer.   p. 570.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the State Bank of Monticello against George Harrison.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*McConnell, Jenkines, Jenkines & Stuart,* for appellant.
*Kistler & Kistler,* for appellee.

FELT, J.—Suit upon a promissory note.   Judgment for $114.15 in favor of appellee, from which this appeal is taken.

The complaint is in the usual form and is answered by denial, plea of payment and want of consideration.   The motion for a new trial is based on alleged error of law, and the insufficiency of the evidence to support the finding. The overruling of this motion is the error assigned and relied upon for reversal.

The evidence shows, without controversy, that appellant, on August 23, 1904, was not indebted to appellee, but was indebted to Gustabel & Co. in the sum of $328.35, and on that date, in settlement of said debt, appellant executed the note in suit, for like amount, payable to appellee; that the transaction was with Mr. Gustabel, and nothing was said about drawing the note payable to the bank; that payments were made on the note by checks drawn in favor of and sent to Mr. Gustabel, which were properly credited upon the note.

It is contended, on behalf of appellant, that the evidence does not sustain the allegations of the complaint, but proves the answer of want of consideration.

A valuable consideration, moving to the maker of a promissory note from a third person, will support the obligation in favor of the payee of the note, and in order to 1. enforce collection, such maker need not know when the note is executed to whom it is made payable. 1 Daniel, Negotiable Inst. (3d ed.) §185; *Moore* v. *Hubbard* (1896), 15 Ind. App. 84; *Waterman* v. *Morgan* (1881), 114 Ind. 237; *Miller* v. *Billingsly* (1873), 41 Ind. 489; *Carnahan* v. *Tousey* (1884), 93 Ind. 561; *Lackey* v. *Boruff* (1899), 152 Ind. 371. This rule was originally one of equity 2. only, but, under our code, is available in any civil action. *Potter* v. *Smith* (1871), 36 Ind. 231, 236; *Miller* v. *Billingsly, supra.*

The evidence showing a valuable consideration, though moving from Gustabel instead of appellee, the contention that the proof does not support the allegations of the complaint is not sustained; nor is the answer of want of consideration proved. There is no issue presenting a claim of fraud, duress or misrepresentation in obtaining appellant's signature to the note. He admits the signing and the consideration from Gustabel. On this showing, under the issues, appellant is bound by the terms of the note as exe-

cuted. 1 Daniel, Negotiable Inst. (3d ed.) §§186, 814; 2 Daniel, Negotiable Inst. (5th ed.) §1181a; *Harger* v. *Worrall* (1877), 69 N. Y. 370.

The statement of appellant, that he did not know the note was payable to the bank, under the issues, was inadmissible in evidence, unless inseparably connected with evidence tending to show want of consideration. 1 Daniel, Negotiable Inst. (3d ed.) §813; *Chicago, etc., R. Co.* v. *Edson* (1879), 41 Mich. 673, 3 N. W. 176.

The suit was brought by the payee of the note, and if appellant desired to avail himself of the defense that appellee was not the real party in interest, he was required to present such defense by special answer. *Mathis* v. *Thomas* (1885), 101 Ind. 119; *Felton* v. *Smith* (1882), 84 Ind. 485, 490; *Bowser* v. *Mattler* (1894), 137 Ind. 649, 654.

The evidence supports the allegations of the complaint, and we find no available error in the record. Judgment affirmed.