## STEWART *v.* SIMON.

Opinion delivered February 16, 1914.

1. RECOUPMENT AND COUNTERCLAIM—LIMITATIONS.—In an action by plaintiff against defendant on a promissory note, where defendant set up a counterclaim alleging failure of consideration in the contract for which the note was given; *held,* defendant's plea being treated as a recoupment of unliquidated damages arising from a breach of contract, or as a failure of consideration, defendant's claim will not be barred by limitations. (Page 361.)

2. BILLS AND NOTES—FAILURE OF CONSIDERATION—RENEWAL.—One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note,

is estopped from setting up the defense of failure of consideration, in an action on the renewal note. (Page 362.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Bradshaw, Rhoton & Helm,* for appellant.

*Asa C. Gracie,* for appellees.

McCULLOCH, C. J.   This is an action instituted before a justice of the peace of Pulaski County by appellant as administratrix of the estate of W. R. Stewart, deceased, against appellees, Charles M. Simon and Julia Simon, to recover the sum of $140, and interest, being the amount of a promissory note executed by appellees to said decedent, dated April 1, 1907.   The instrument sued on is in the form of a negotiable promissory note.

Appellees filed a counterclaim, in which they allege that said decedent was indebted to them in the sum of $299 for damages on account of failure on his part to construct a certain building which they had employed him to construct in the city of Little Rock, and that the note sued on was executed to cover the final payment on the contract price for constructing said building.

The case was tried before the court sitting as a jury and there was a finding in favor of appellees, who introduced testimony tending to show that defects had developed in the building constructed by appellant's intestate which cost appellees more than the amount of the note to repair.

The counter-claim of appellees, regarded as an affirmative action against said decedent, was barred by the statute of limitations; but the defense presented seems to have been treated as a recoupment of unliquidated damages arising from a breach of the contract, or as a failure of consideration for which the note was given, and in that view of the case the claim was not barred. *State* v. *Ark. Brick & Mfg. Co.,* 98 Ark. 125.

The declaration of the court, after hearing the evidence, was that "the defects shown in the building are

good defense to the note and, therefore, I find for the defendant.''

Appellant introduced the note and rested the case. Thereupon appellees adduced testimony to the effect that appellant's intestate, W. R. Stewart, had contracted to erect a hotel building for them in the city of Little Rock, and that a few months after the building was finished and accepted by them defects therein, which showed faulty material and bad workmanship, began to develop and that from time to time they expended nearly a thousand dollars repairing the defects. The building was completed, and accepted by appellees, in the year 1905, and a series of notes was executed to appellant's intestate to cover a part of the contract price. The note in suit was executed by appellees to W. R. Stewart April 1, 1907, in renewal of one of the notes of the former series. This was long after the defects in the building were discovered by appellees and a considerable amount expended in repairing the same. The chief complaint is that the floors were badly constructed and rotted out and that the plastering fell off of the walls. All of this was discovered before the new note was given and appellees had expended amounts largely in excess of the amount of this note in repairing the defects. The evidence on this point is practically undisputed, and the question arises whether appellees are in a position to recoup the damages or to set up failure of consideration, wholly or in part, as a defense to the note.

In some of the earlier cases the courts held that a plea of want of consideration, or failure of consideration, is available against a renewal note. The law was thus announced by Chief Justice Shaw in the early case of *Insurance Company* v. *Whitney,* 1 Met. (Mass.) 21.

This court, in the case of *McDaniel* v. *Grace,* 15 Ark. 465, seems to recognize the same rule.

There are other cases to the same effect. *Bullion Mining Co.* v. *Cartwright,* 10 Ont. 438; *Wheelock* v. *Berkeley,* 138 Ill. 153; *Hooker* v. *Hubbard,* 102 Mass. 239.

These cases, however, seem to leave out of account

the important question whether the maker of a note who had knowledge, or means of information, concerning the failure of consideration at the time the renewal note was executed, was estopped. The distinction is a very important one and forms the basis of many decisions of the court holding that the execution of a renewal note with knowledge of the failure of consideration is a waiver of that defense. That principle is recognized in a later decision of the Massachusetts court (*Sawyer v. Wiswell,* 9 Allen (Mass.) 39, where Judge Bigelow, speaking for the court, said:

"No new consideration for the note has ever passed between the parties. It stands on the original consideration. Nor has there been any waiver of or intention to abandon the grounds of defense arising out of the fraudulent character of such original consideration. No such waiver or abandonment could be inferred from the alleged new promise or agreement to pay the note, because at the time it is said to have been made the defendant was ignorant of the fact that he had been defrauded by the plaintiff in the transaction as part of which the note in suit was given."

The prevailing rule on this subject is stated in Cyclopedia of Law, volume 7, page 881, as follows:

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, etc., waives such defense, and can not set it up to defeat or reduce a recovery on the original note."

The same rule is stated in the last edition of Daniel on Negotiable Instruments, volume 1, page 302, where a number of authorities are collated.

The same rule is also stated in Joyce on Defenses to Commercial Paper, section 220.

The following cases sustain that view: *Atlanta Bottling Co.* v. *Hutchinson,* 109 Ga. 550; *Mortfort* v. *Americus Guano Co.,* 108 Ga. 12; *Calvin* v. *Sterritt,* 41 Kan. 215; *Smith* v. *Smith,* 4 Idaho, 1, 35 Pac. 694; *Franklin*

*Phosphate Co.* v. *International Harvester Co.* (Fla.), 57 So. 206; *Padgett* v. *Lewis,* 54 Fla. 177; *Hunter* v. *Lanius,* 82 Tex. 677; *Crabtree* v. *Crawford,* 25 Ill. 248; *Long* v. *Johnson,* (Ind.) 44 N. E. 552.

The rule of law thus announced is the correct one, we think, for knowledge on the part of the maker of the note at the time the renewal is executed introduces the element of estoppel, which amounts to a waiver of the defense of failure of consideration which was theretofore open to him. The principle has been recognized by this court in the cases which hold that a contract void on account of usury may form the basis of a new contract or obligation to pay. *Garvin* v. *Linton,* 62 Ark. 370.

The undisputed facts in this case call for the application of the principle announced, and the judgment of the circuit court is not supported by the evidence. Reversed and remanded with directions to enter a judgment on the note for appellant.