## MOORE *v.* WADE.

### Opinion delivered May 22, 1916.

1. BILLS AND NOTES—PARTIAL FAILURE OF CONSIDERATION—RENEWAL.—
   One who gives a note in renewal of another note, with knowledge
   at the time of a partial failure of the consideration for the original
   note, or false representations by the payee, waives such defense,
   and cannot set it up to defeat or reduce a recovery on the orig-
   inal note. If the maker executes the renewal note without knowl-
   edge of the facts which would constitute a valid defense, the re-
   newal does not operate as a waiver of the original defense.

2. BILLS AND NOTES—FALSE REPRESENTATIONS OF PAYEE—KNOWLEDGE—
   RENEWAL.—If the maker executes a renewal note upon the faith
   of false representations as to the facts affecting his right to plead
   his original defense, he is not estopped by the renewal of the note,
   to plead the original defense.

3. BILLS AND NOTES—BONA FIDE PURCHASER—KNOWLEDGE OF DEFECTS—
   BURDEN OF PROOF.—Defendant executed a renewal note to plaintiff
   who alleged that he was a *bona fide* purchaser of the original
   note. In an action on the renewal note, defendant set up that
   plaintiff was not a *bona fide* purchaser. *Held,* in order to make
   out a defense, defendant must offer some testimony that would
   show, or tend to show, that at the time plaintiff purchased the
   note, that he was in possession of knowledge or information that
   would lead to knowledge, that there was some defect in the trans-
   action, or some condition attached to the note that would consti-
   tute a defense against the original maker.

Appeal from Washington Circuit Court; *J. S. Ma-
ples,* Judge; affirmed.

*E. B. Wall,* for appellant.

1. The court erred in directing a verdict for plain-
tiff. It was error to exclude the testimony offered by de-
fendant, as it tended to show a good defense in that the
renewal was obtained by false representations, and that
plaintiff had knowledge of the fraudulent character of the
original note. The issues should have been submitted to
a jury. 89 Ark. 368; 92 *Id.* 569; 41 *Id.* 249; 1 Daniel on
Neg. Inst. (2 ed.), § 769.

2. Wade paid nothing for the note. 48 Ark. 454.
The plea of fraud and notice raised all issues and was a
case for a jury. 98 Ark. 82. Notice of the fraud was

sufficient. 1 Dan. Neg. Inst. (5 ed.), § 799; 79 Ark. 149; 86 *Id.* 191; 94 *Id.* 426; 90 *Id.* 93. The plea of no consideration constituted a defense. 96 Ark. 163; 4 Enc. Pl. & Pr. 945.

*John Mayes,* for appellee.

The court properly directed a verdict. One who gives a note in renewal of another, with knowledge at the time of a failure of consideration, or false representations by the payee, etc., waives such defense, and can not set it up to defeat recovery on the note. 111 Ark. 361; 1 Dan. Neg. Inst., p. 302; Joyce on Defenses to Com. Paper, § 220; 62 Ark. 270.

2. The testimony offered was properly excluded; it showed no fraud. 111 Ark. 361.

3. One who with knowledge that a fraud has been committed enters into a contract, can not be heard to say that he was misled. 77 Ark. 269; 95 *Id.* 136; 98 *Id.* 44; 77 *Id.* 261-271; 93 U. S. 55; 99 *Id.* 578; 96 *Id.* 371.

4. Issues of fact are for the jury, but here there are no disputed facts. 89 Ark. 368.

McCULLOCH, C. J. This is an action instituted before a justice of the peace of Washington County by the plaintiff, H. K. Wade, against the defendant, J. F. Moore, to recover the amount of a promissory note executed by defendant to plaintiff, dated March 3, 1915, in renewal of a negotiable promissory note previously executed by the defendant to one W. L. Laurence, and by the latter assigned to the plaintiff. On appeal to the circuit court from the judgment of the justice of the peace, there was a trial before a jury, but the court excluded certain testimony adduced by the defendant and gave a peremptory instruction in the plaintiff's favor. The plaintiff rested his case after introducing the note sued on and showing that the note was executed in renewal of the other note executed by defendant to Laurence. The contention of the defendant was and is that the note to Laurence was executed on a certain condition which had subsequently

failed, and that he executed the renewal note to plaintiff upon fâith of the latter's representation, which is alleged to be false, that he was an innocent purchaser of the note from Laurence and had no notice of the alleged condition.

Appellant in his testimony gave a history of the execution of the note to Laurence and the consideration upon which it was based. It appears from his testimony that during the summer of 1914 Laurence visited the city of Fayetteville, where all the parties to this litigation resided, for the purpose of promoting a corporation organized to establish mausoleums for the burial of the dead. Laurence was selling stock in the corporation, and the consideration for the note executed to him by defendant was the sale of certain shares of stock. He gave defendant a receipt for the price of the stock represented by the note, reciting in the receipt that the said corporation would "guarantee to Mr. J. F. Moore that in case we have not a building under construction or constructed, and Mr. Moore desires us to return his purchase price and cancel stock, then we agree to do so any time after five months and before maturity of his note," and that "any compartments or crypts sold by Mr. Moore, he shall receive a commission of 15 per cent. on same." The testimony also shows that after Laurence completed his operation at Fayetteville and returned to Little Rock, he absconded with the funds of the corporation and that no further steps were ever taken toward carrying out the contracts of the corporation.

The note executed by defendant to Laurence was dated June 30, 1914, and was due and payable six months after date, being in the form of a negotiable note. Laurence assigned the note to plaintiff by endorsement on the back of it. The defendant testified that the first he knew of his note having been purchased by the plaintiff was in the latter part of the summer of 1914, or the early part of the autumn, which was before the maturity of the note, when he went to the banking house of the McIlroy Banking Company, of which the plaintiff was the cashier, for

the purpose of disposing of another note, and was then informed by the plaintiff that he held the Laurence note. He testified that he informed the plaintiff at that time that his note had been executed to Laurence upon certain conditions which had not been performed, but that plaintiff replied to him that he was an innocent purchaser of the note and that he would bring suit on the note unless it was paid. He testified also that after the note became due plaintiff made written demand on him to pay and threatened to sue him unless the note was paid, and that he went around to see the plaintiff on March 3, 1915, and upon the faith of the plaintiff's representations of being an innocent purchaser of the note he executed the renewal note now in suit.

Defendant stated in his testimony that he suggested at the time of his last conversation with the plaintiff that the latter was not in fact an innocent purchaser and that his suspicion was aroused on account of the refusal of the plaintiff to allow him (defendant) to write a letter to Laurence demanding that he make good his guarantee for the reason that otherwise the plaintiff would not endeavor to enforce payment of the note. He says that plaintiff positively refused to allow his name to be used in such a letter for the reason that he was unwilling to appear to be conceding that he was not an innocent purchaser of the note.

At this stage of the proceeding there was a motion made by the plaintiff to exclude the defendant's testimony, and after hearing argument the court indicated its ruling sustaining the motion on the ground that it was not sufficient to show a defense to the renewal note, whereupon the defendant made the following offer, as shown in the record, concerning the introduction of further testimony:

"The defendant also offers to show by testimony that he submits is competent, and that the McIlroy Banking Company had considered and passed upon—whether formally or informally—the question of subscribing for

any stock in this proposed organization; that the matter had been definitely decided in the negative; and further, not to handle any of their paper. And further, by testimony of one Frank Rall, assistant cashier of the bank, who purchased one note, similar to the note actually in controversy, and that when that action came to the knowledge of the bank, the matter was settled and compromised and gotten out of the way. And that the evidence submitted is to show that the plaintiff, H. K. Wade, in his capacity as cashier of the McIlroy Bank, must necessarily have had notice of such action and such knowledge on the part of the bank."

The court refused the defendant's offer and thereupon instructed the jury to return a verdict in plaintiff's favor, which was done, and judgment was rendered accordingly.

(1-2) In the case of *Stewart* v. *Simon,* 111 Ark. 358, and also in other cases which followed it, we have adopted the rule sustained by many of the authorities that "one who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, etc., waives such defense, and can not set it up to defeat or reduce a recovery on the original note." The important condition upon which this rule is based is that at the time of the renewal the party must have had knowledge of the failure of consideration or the alleged false representations upon which his defense against the payment of the original note was based. If he executes the renewal note without knowledge of the facts which would constitute a valid defense, the renewal does not operate as a waiver of the original defense. The same principle demands that if the party execute the renewal note upon the faith of false representations as to facts affecting his right to plead his original defense, he is not estopped by the renewal of the note to plead the original defense.

Applying that rule to the present case, if the defendant could show that notwithstanding the fact that he was

fully advised as to his having a valid defense against the original note in the hands of Laurence, he executed the renewal note upon the faith of a false representation made by the plaintiff to the effect that he was an innocent purchaser, which fact if true would have deprived him of his right to defend against the note on that ground, then he is not estopped by the renewal. The difficulty about the defendant's case is that he failed to bring in testimony tending to establish the fact that the plaintiff made any false representation to him. He shows by his own testimony that he knew as much about the Laurence note then as he knows now. He also shows that he executed the renewal note on the faith of the plaintiff's statement to him that he had purchased the note for value and was an innocent purchaser, but he offered no proof at all tending to show that the representation of plaintiff was false. It devolved on him to prove not only that the representation was made but that it was false, and he has failed to do so.

(3) When the trial court ruled against him, he offered in substance to show that the bank, of which the plaintiff was the cashier, had considered and passed upon the question of subscribing for stock in the proposed corporation and had decided not to do so, and not to handle any of the paper; and further, that the bank had purchased one of the notes of another party executed to Laurence, and when the facts of the transaction became known to the bank there was a compromise of that note. Now, this does not show that the defendant could prove that the plaintiff at the time that he purchased defendant's note from Laurence was advised of this condition or any fraud in the transaction. In order to make out a defense, he had to lay his finger upon some testimony that would show or tend to show that at the time the plaintiff purchased the note from Laurence he was in possession of knowledge, or information that would lead to knowledge, that there was some defect in the transaction, or some condition attached to the note that would constitute a defense against the original maker.

It was a negotiable note, and plaintiff had a right to buy it if he was not advised of any defense against its enforcement.   When it was presented to defendant for payment, he was then aware of all the facts concerning his defense against the note, and instead of standing upon that defense he elected to renew the note upon the representations of plaintiff, as he says, that the latter was an innocent purchaser, so in order to defend against the renewal note it devolved upon him to show that those representations were false.   He has not done so, and the court was correct in refusing to submit the case to the jury.

Judgment affirmed.