## MILLETT *v.* AETNA TRUST AND SAVINGS COMPANY.

[No. 9, 668. Filed March 4, 1919. Rehearing denied June 5, 1919.]

1. TRIAL.—*Directing Verdict.—Failure to Object.*—The objection that the court erred in directing a verdict for plaintiff before defendant had introduced all of his evidence and rested his case was waived, where defendant, although excepting to the action of the court in giving the instruction, did not inform the court that he had not concluded his evidence, or sought to have the instruction withheld in order that he might complete his evidence, and took no other action to avoid the alleged error. p. 453.

2. TRIAL.—*Failure to Assert Rights.—Waiver.*—Where a party is in court in person or by counsel, and he fails to assert his legal right when an opportunity is afforded at the proper time to do so, such right is waived. p. 454.

3. TRIAL.—*Directing Verdict.—Evidence.*—Where there is uncontradicted evidence which clearly makes out a case for plaintiff, and no evidence which tends to establish a defense, it is proper for the court to instruct the jury to return a verdict in his favor. p. 454.

4. TRIAL.—*Directing Verdict.—Evidence.*—If defendant introduces evidence which, either directly or by fair inference, tends to sustain any defense within the issues, it is error for the trial court to direct a verdict for plaintiff. p. 455.

5. BILLS AND NOTES.—*Extension of Time of Payment.—Effect on Previous Defenses.*—Where the maker of a promissory note agrees with the payee that, if the latter will extend the time of payment for a definite time, he will pay at the expiration of such period, and the time is so extended, such promise constitutes a new contract, binding in law and capable of enforcement, though the maker may have had a good defense to the note before the agreement to extend was made. p. 457.

6. CONTRACTS.—*Ratification.—Void as Against Public Policy.*—A contract void as against public policy is not susceptible of ratification. p. 458.

7. CONTRACTS.—*Contract Void as Against Public Policy.—Waiver of Defense.—Estoppel.—Waiver of Illegality.*—A contract, void as against public policy, as between the parties, cannot be rendered valid by invoking the doctrine of estoppel, nor can a party thereto waive his right to set up the defense of illegality in an action thereon by the other party. p. 458.

8. CONTRACTS.—*Voidable Contract.—Ratification.—Execution of Renewal Notes.*—Where a contract on which a note is based is only

voidable, it may be ratified by an execution of a renewal note by the maker with full knowledge of the facts. p. 458.

9. BILLS AND NOTES.—*Defenses.*—*Action Not Prosecuted by Real Party in Interest.*—*Pleading.*—In an action on a note, the defense that the suit is not prosecuted by the real party in interest, to be available, must be pleaded and proved. p. 458.

From Marion Superior Court (97,689); *W. W. Thornton,* Judge.

Action by the Aetna Trust and Savings Company against Grover Millett and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*Newberger, Simon & Davis,* for appellant.
*Holtzman & Coleman,* for appellee.

BATMAN, P. J.—This is an action on a promissory note brought by appellee against appellant, Grover A. Millett, and the Mercantile Adjustment Bureau. The complaint alleges that the note was executed by said appellant to the said Mercantile Adjustment Bureau, and afterwards transferred by it to appellee for value received, prior to the maturity thereof. The Mercantile Adjustment Bureau did not appear to the action. Appellant Grover A. Millett appeared and filed an answer in two paragraphs, the first of which is a general denial. The second paragraph alleges that the note in suit was given in part payment of certain corporation stock in the said Mercantile Adjustment Bureau; that appellant was induced to purchase said stock through the fraudulent representations of one Charles W. Martin, who was organizing and promoting said corporation; that such fact constituted a valid defense to said note, and that appellee had full knowledge of such fact prior to its alleged purchase thereof. The cause was submitted to a jury

for trial on the issues thus formed. After appellee had introduced its evidence and rested, and appellant, Millett, had introduced certain evidence, the court instructed the jury to return a verdict in favor of appellee against appellants for $450. The jury returned a verdict in accordance with the court's instruction, on which judgment was rendered. Appellant, Millett, filed a motion for a new trial, which was overruled. He now prosecutes this appeal, and has assigned the action of the court in overruling his said motion as the sole error on which he relies for reversal.

Appellant predicates error on the action of the court in instructing the jury before he had introduced all his evidence and rested his case. The rec-
1.   ord shows that after appellant had introduced certain documentary evidence, and had examined a number of witnesses in his defense, he called one Zeigler as a witness, and, after asking him a few preliminary questions, he was asked a question to which an objection was sustained. Whereupon the court, on its own motion, gave the jury a peremptory instruction to return a verdict in favor of the plaintiff against both defendants for the sum of $450. The jury returned a verdict as directed, and on which the judgment from which this appeal is taken was subsequently rendered. The record shows that appellant at the time excepted to the action of the court in giving said instruction, but does not disclose that he informed the court that he had not concluded his evidence, or that he had other witnesses that he desired to examine, or that he made any objection to the court's instructing the jury at such time, or sought to have the instruction withheld or withdrawn in order

that he might conclude his evidence, or that he took any other step to avoid the alleged error. Appellant does not claim that he made any request in the trial court to introduce additional evidence, and there is no ruling of the court denying such request, assigned as a reason for a new trial. It is a well-settled

2. rule that where a party is in court in person or by counsel, and an opportunity is afforded him at the proper time to assert his legal right, a failure to do so is a waiver of such right. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85. Under the facts and rule stated, appellant's contention under consideration cannot be sustained.

Appellant not only contends that the giving of the peremptory instruction before he had rested his case was error, but also contends that the instruc-

3. tion itself, under the evidence, is erroneous, and the giving thereof was reversible error. It is well settled that where there is uncontradicted evidence which clearly makes out a case on behalf of a plaintiff, and no evidence which tends to establish a defense, it is entirely proper for the court to instruct the jury to return a verdict in his favor; and that in so doing the court does not usurp the province of the jury, but simply discharges a duty in the trial of the cause. *Insurance Co., etc.* v. *Indiana Reduction Co.* (1917), 65 Ind. App. 330, 117 N. E. 273, and authorities there cited. In the light of this rule, we have examined the evidence to ascertain if the court erred in directing a verdict in favor of appellee. The record shows that appellee introduced the note sued on in evidence, and obtained a stipulation that a reasonable attorney fee for collecting the same was $37.50.

It then rested its case, and, if appellant had introduced no evidence, the court would have been justified in directing a verdict in its favor.   However,

4.   evidence was introduced by appellant in an attempt to sustain his defense, and if such evidence, either directly or by fair inference, tends to sustain any defense on the part of appellant, within the issues, the giving of the instruction in question was error.   Such evidence tends to establish the following facts: One Charles W. Martin was conducting a business in Indianapolis under the name of Mercantile Adjustment Bureau; that while conducting such business he became indebted to appellee for about $1,800; that he informed appellee that he would not be able to pay his said indebtedness as it matured, and thereupon appellee suggested to him that he incorporate his business and sell stock therein, and thereby acquire funds with which he could discharge his indebtedness to it; that said Martin acted on said suggestion, and formed a corporation under the same name that he had theretofore conducted his business; that Martin solicited appellant to buy some of the stock therein, but he declined for the reason that he was not in a position to make a cash investment, as he stated to said Martin; that said Martin then told him that no money was required to make such purchase, but that he could give his note therefor, and the note would be paid out of the earnings of the corporation; that thereupon appellant bought five shares of said stock and gave his note therefor in the sum of $500 payable to said corporation, but no certificate evidencing said stock was actually issued and delivered to him; that said note was by said Martin turned over to appellee, and applied on his individual indebtedness thereto; that

appellee prior to the maturity of said note in May, 1914, notified appellant that it held said note; that appellant then called on said Martin, who informed him that he need not worry about the note, that it would be taken care of; that the corporation paid to appellee $125 on said note from its earnings as a dividend on the stock purchased by appellant; that thereupon appellant, at the request of said Martin, executed a new note to said corporation for $375, maturing in October, 1914, in renewal of the balance due appellee on said $500 note, and said new note was delivered to it for such purpose; that on the maturity of said last-named note appellee notified appellant of that fact, and subsequently sent him another notice that it was past due; that appellant then called on appellee and informed it that the note was given for stock in the Mercantile Adjustment Bureau, and was to be paid out of its earnings, and that he did not propose to pay a cent of it; that he afterwards told said Martin that there was to be no cash consideration at all, and he did not propose to pay the note; that afterwards appellee agreed to take a renewal of the note, and the note in suit was executed by appellant in October, 1914, due ninety days after date, for that purpose; that said note was made payable to the Mercantile Adjustment Bureau, and was delivered to appellee after being indorsed "Mercantile Adjustment Bureau per C. W. Martin Manager." The record shows that the facts stated above, with reference to the execution of said original note and the subsequent renewals thereof, are established by uncontradicted evidence, and it further appears, by like evidence, that appellant knew all the facts which he has sought to establish as a defense to the note in suit, at the time he executed the same.

It is well settled in this state that where the maker of a promissory note agrees with the payee that, if the latter will extend the time of payment for a definite time, he will pay the same at the expiration of said period, and the time is so extended, such promise of the maker constitutes a new contract, binding in law and capable of enforcement, though the maker may have had a good defense to such note before the agreement to extend was made. *McCormick, etc., Co.* v. *Yoeman* (1901), 26 Ind. App. 415, 59 N. E. 1069; *Jaqua* v. *Montgomery* (1870), 33 Ind. 36, 5 Am. Rep. 168; *Doherty* v. *Bell* (1876), 55 Ind. 205; *Long* v. *Johnson* (1896), 15 Ind. App. 498, 44 N. E. 552; *Brown* v. *First Nat. Bank, etc.* (1888), 115 Ind. 572, 18 N. E. 56; *Baut* v. *Donly* (1903), 160 Ind. 670, 67 N. E. 503; *Merchants Nat. Bank* v. *Nees* (1916), 62 Ind. App. 290, 110 N. E. 73, 112 N. E. 904. Other states have recognized and given effect to this rule. *Franklin Phosphate Co.* v. *International Harvester Co.* (1911), 62 Fla. 185, 57 South. 206, Ann. Cas. 1913C 1247; *Stewart* v. *Simon* (1914), 111 Ark. 358, 163 S. W. 1135, Ann. Cas. 1916A 825. An application of this rule to the facts of this case makes it clear that no defense to the note in suit can be predicated on the original agreement with reference to the purchase of the corporate stock. Appellant has cited certain cases in support of his contention to the contrary, among which we note the following from this state: *Henry* v. *Gilliland* (1885), 103 Ind. 177, 2 N. E. 360; *Tyler* v. *Anderson* (1886), 106 Ind. 185, 6 N. E. 600; *Kain* v. *Bare* (1891), 4 Ind. App. 440, 31 N. E. 205. However, each of these cases is clearly distinguishable from the instant case. In the first case named it does not appear that the agreed extension was for a definite time. In the second case named the ground of

defense to the original note was unknown to the maker at the time he executed the renewal note. In the last case named the contract on which the original note was based was void as against public policy. It was therefore not susceptible of ratification. 13 C. J. 506; Austin v. Davis (1891), 128 Ind. 472, 26 N. E. 890, 12 L. R. A. 120, 25 Am. St. 456. Such a contract, as between the parties to it, cannot be rendered valid by invoking the doctrine of estoppel; nor can a party thereto waive his right to set up the defense of illegality in an action thereon by the other party. 13 C. J. 506. In the instant case the contract on which the original note was based was not void, but according to appellant's theory was only voidable. It was therefore subject to ratification and was in fact ratified as evidenced by the renewal notes, executed by appellant with knowledge of all the facts which he now seeks to interpose as a defense in this action. It follows that, if it could be said that the representations made to appellant by said Martin at the time the stock in question was sold to him were fraudulent, such fact would not constitute a defense to the note in suit, under the circumstances in this case.

Appellant contends that the evidence in this case tends to show that the note in suit was the property of the Mercantile Adjustment Bureau, and that Charles W. Martin used the same in an attempt to discharge his individual debt to appellee; that, if such is the fact, appellee acquired no interest in the note under the rule that an agent cannot use the property of his principal to pay his own debt; that such fact was for the determination of the jury, and hence the court erred in directing a verdict in favor of appellee. If the fact suggested were established,

its effect would be to show that this action is not prosecuted by the real party in interest. It has been held repeatedly that this is an affirmative defense, which, to be available, must be pleaded and proved. *Stouffer* v. *Stoy* (1910), 46 Ind. App. 180, 91 N. E. 250; *Harrison* v. *State Bank, etc.* (1911), 47 Ind. App. 568, 94 N. E. 1020; *State Exchange Bank* v. *Paul* (1915), 58 Ind. App. 487, 108 N. E. 532; *Bowser* v. *Mattler* (1894), 137 Ind. 649, 35 N. E. 701, 36 N. E. 714. No such issue is tendered by the pleadings in this case, and hence appellant's contention in that regard is not well taken.

Appellant also predicates error on the action of the court in refusing to permit him to prove by the witness Shearer that the capital stock of the Mercantile Adjustment Bureau was worthless. As we have heretofore held that the execution of the renewal notes, under the undisputed facts of this case, precludes any defense based on the original agreement with reference to the purchase of said stock by appellant, there was no error in excluding said evidence.

As the uncontradicted evidence clearly makes out a case in favor of appellee, and there is no evidence which tends to establish a defense on behalf of appellant, the court did not err in giving the peremptory instruction. No available error appearing in the record, the judgment is affirmed.